In the Matter of the Application of JAMES DOHENY, Father of WILLIAM DOHENY, an Infant over the Age of Fourteen Years, and JAMES DOHENY, an Infant under the Age of Fourteen Years, for Leave to Sell Their Real Property.

City Court of New York, Kings County, December 3, 1935.

*H. Henry Martuscello*, for the petitioner, James Doheny.

*Paul Windels, Corporation Counsel [Sherman R. Rogers* of counsel], for the respondent, A. A. Berle, Jr., chamberlain of the city of New York.

GOLDSTEIN, J.   Petitioner applies for an order to compel the chamberlain of the city of New York to pay him the sum of $900 in cash, the balance of the moneys deposited with the chamberlain to his credit.

As the result of the settlement of an action pending in the County Court of Kings county, an order was made by County Judge GEORGE W. MARTIN on May 12, 1926, directing that the sum of $1,004.86 be deposited with the chamberlain to the credit of the petitioner, who was an infant at that time.   The order contained no provision that the money was to be held pending the further order of the court.   Subsequently, the chamberlain invested the said moneys in a first mortgage certificate in the face amount of $143,000 which mortgage was guaranteed by the State Title Mortgage Company.   No order authorizing said investment was ever obtained by the chamberlain or the petitioner.   The petitioner became of age on September 9, 1934, and on October 1, 1934, obtained an order of the City Court of the City of New York for the payment of his money.   The sum of $370.90 was all that was available for payment at that time and was duly paid to the petitioner.   The balance of $900 was not available for payment by reason of a default on the mortgage, and said sum has not been paid to the petitioner.   He now makes this application to compel payment at this time.

At the time of the original deposit of the money, May 12, 1926, section 44-c of the State Finance Law limited the chamberlain to depositing the money " in such savings bank, trust company, bank, banking association or with such banker, as shall be designated by the state comptroller."   There was no authority in section 44-c

or anywhere else at that time for the Comptroller to invest that money in a mortgage or any other investment unless an order was obtained from the County Court, pursuant to section 136 of the Civil Practice Act. Admittedly, no such order was obtained.

In 1928 section 44-c of the State Finance Law was amended by chapter 837 of the Laws of 1928 by the addition of the following provision: "All moneys so paid into court may be invested by the several county treasurers and in the city of New York by the chamberlain, without a specific direction of the court having jurisdiction, in securities that are legal investment for trustees, when the said county treasurers or chamberlain deem it for the best interests of the funds to make such investments."

Acting upon this amendment, the chamberlain in his discretion then invested the infant's money in the aforesaid mortgage. The chamberlain takes the position that the amendment of section 44-c of the State Finance Law was retroactive and permitted the investment of all funds in his possession irrespective of whether they were deposited with him prior to April 6, 1928, the effective date of the amendment.

The recent case of *Matter of Schmidt* v. *Chamberlain of New York* (266 N. Y. 225) is urged as conclusive by the petitioner. In that case the court held that there was no power in the chamberlain to invest moneys deposited prior to the amendment to section 44-c of the State Finance Law, where the order directing the deposit provided that the money be held pending the further order of the court. The appellant in that case had claimed that section 44-c of the State Finance Law was unconstitutional and violated article VI, section 1, of the State Constitution, and also contended that the section did not apply to funds deposited in court prior to its enactment. Neither of these questions, however, was passed upon by the Court of Appeals, because it held that the section was not applicable to the facts before it. It is interesting to note, in this connection, that although section 44-c of the State Finance Law provides that moneys on deposit with the chamberlain " may be invested * * * by the chamberlain, without a specific direction of the court having jurisdiction," this section was construed by the Court of Appeals to mean that all moneys " *paid into court* without a specific direction " may be invested by the chamberlain without a specific direction of the court having jurisdiction. (Italics mine.) (See *Matter of Schmidt* v. *Chamberlain of New York, supra*, p. 230.)

But the question thus raised need not be resolved here. In the instant case I hold that the statute is not retroactive and does not apply to funds deposited with the chamberlain before the effective

date of the amendment to section 44-c of the State Finance Law, April 6, 1928. (See *Jacobus* v. *Colgate*, 217 N. Y. 235; *People ex rel. Peake* v. *Supervisors*, 43 id. 130; *New York & Oswego M. R. R. Co.* v. *Van Horn*, 57 id. 473, and 59 C. J. pp. 1157 *et seq.*)

While it may be argued that the amendment to section 44-c merely changed the procedure in caring for the funds of infants and incompetents, the change, however, had substantive effects too important to overlook and too far-reaching to be classed as mere changes in procedure, within the meaning of those cases that construe the statutes changing remedies of procedure as being retroactive in effect. As a result of the amendment to section 44-c, the rights of infants and incompetents as well as the powers of the courts were altered. It would be manifestly unfair to so construe section 44-c as to deprive this plaintiff of his rights under the order as entered in the County Court, as they existed before April 6, 1928. If the statute were not so construed, its constitutionality might well be questioned. (Cf. *New York & Oswego M. R. R. Co.* v. *Van Horn, supra.*)

Furthermore, a judge making an order directing a deposit many years before April 6, 1928, would naturally be guided in the drawing of his order by the explicit restriction upon the power of the chamberlain as set forth in section 136 of the Civil Practice Act. There was no need for the repetition in the order of the statutory restriction, " subject to the further order of the court." Such a limitation was implied in every order directing a deposit by virtue of section 136 of the Civil Practice Act. In that connection, the Court of Appeals in the *Schmidt* case said: " The history of the right to invest court funds is interesting but not important, since all right to invest such funds without a specific direction of the court was taken away in 1892 by an amendment to the Code of Civil Procedure." The court then referred to and set forth the provisions of section 136 of the Civil Practice Act and added: " This section, then and now, tends to cover the entire situation as to investment of court funds and, making no proviso for investment in accordance with a general court rule, abrogated old Chancery rule 180." So construed, the *Schmidt* case compels a recovery by the petitioner here.

For the foregoing reasons, this motion to amend the prior order of this court so as to direct the chamberlain to pay out the full balance of the deposit made with him, is granted in all respects. Settle order on notice.