In the Matter of ELIZABETH SCHMIDT, Appellant, against THE CHAMBERLAIN OF THE CITY OF NEW YORK, Respondent.

(Argued January 3, 1935; decided February 26, 1935.)

*Andrew F. Van Thun, Jr.,* for appellant.

*Chester Bordeau* for White & Case, *amici curiæ.* The Chamberlain has no authority to invest funds deposited in court without a court order. (Civ. Prac. Act, § 136.)

*Eugene L. Garey, Earl J. Garey, Milton I. Hauser* and *Mitchel J. Valicenti* for Garey & Garey, *amici curiæ.* Moneys paid into court may not be invested by the Chamberlain without an order or decree of court made only after proper and sufficient proof, satisfactory to the court, that it is for the best interests of the owners of the

fund to direct such investment. (Civ. Prac. Act, art. 14; *Howard* v. *United States,* 184 U. S. 676; *People* v. *Keenan,* 110 App. Div. 537; 185 N. Y. 600; *Matter of City of New York,* 200 N. Y. 138; *Matter of People* v. *Maltbie,* 102 Misc. Rep. 575; 184 App. Div. 743; 226 N. Y. 641.)

*Paul Windels, Corporation Counsel* (*Alvin McKinley Sylvester, Paxton Blair, Seymour B. Quel* and *Sherman S. Rogers* of counsel), for respondent. Section 44-c of the Finance Law is not in conflict with section 136 of the Civil Practice Act. It merely supplements section 136 in a field where the court had refrained from exercising its power. (*Matter of Stillwell,* 139 N. Y. 337; *Chesterman* v. *Eyland,* 81 N. Y. 398; *People ex rel. Ryan* v. *Green,* 58 N. Y. 295.)

FINCH, J. The question presented for decision is whether the Chamberlain of the city of New York had authority under section 44-c of the State Finance Law (Cons. Laws, ch. 56), as amended in 1928, to invest funds deposited in court, where the court order directed him to hold the same until the further order of the court. We hold that, even assuming the amendment to be constitutional, yet in the case at bar the wording of the order of the court precluded any investment without a further order of the court.

There is no dispute as to the facts in this case. In 1924, in a proceeding in the County Court of Kings county for the sale of the interest in certain real estate of Elizabeth Schmidt, then an infant, an order was entered directing the special guardian of the infant to deposit her share of the proceeds of the sale with the Chamberlain of the city of New York.

The sum of $1,554.75 was deposited by the special guardian with the Chamberlain to the credit of the applicant, under an order which provided: " * * *;

and that the said Special Guardian pay the balance remaining in his hands to the Chamberlain of the City of New York to the credit of the infant herein, Elizabeth Schmidt, *to be held by said Chamberlain* of the City of New York *until the further order of this court herein*, and report back to this court his proceedings hereunder and the disposition of proceeds with all convenient speed." (Italics interpolated.)

Subsequent to the deposit of the fund under the order above referred to, neither the County Court nor the Supreme Court entered any further order relating to the fund until January 28, 1934, when upon the application of the applicant, who had attained her majority, an *ex parte* order was made by the Supreme Court, Kings county, directing the Chamberlain to pay to her $2,092.09 in cash, that being the amount originally deposited to her credit together with interest. The Chamberlain refused to pay the same, on the ground that he had invested $2,000 thereof in mortgage participation certificates which had depreciated in value, but offered to pay the balance not so invested ($92.09) and to consent to an order directing him to transfer to the applicant such certificates. It had been customary for the Chamberlain's office to make payment in cash of amounts which had been invested by transferring the investment in any fund directed to be paid to some other fund, but the Chamberlain refused to do this for the applicant because of the depreciated value of her certificates. The applicant does not question the propriety of the refusal of the Chamberlain to make payment to her by transferring the investment to some other fund, but she contends that the investment made of the money held for her was illegal because no court order directing such an investment had been made, as was provided for in the Civil Practice Act (§ 136).

The Chamberlain maintains that such an order was unnecessary since the investment was made in accordance

with and in reliance on section 44-c of the State Finance Law, as amended by Laws of 1928 (Chap. 837) which provides as follows:

" § 44-c. Deposit of funds or money paid into court; investment. All funds or moneys paid into court shall be deposited in such savings bank, trust company, bank, banking association or with such banker, as shall be designated by the state comptroller, as soon as received by the custodian thereof. But the money must be deposited in the county where the fund belongs, where it can be done conveniently and safely and with advantage to the parties interested. *All moneys so paid into court may be invested by the several county treasurers and in the city of New York by the chamberlain, without a specific direction of the court having jurisdiction, in securities that are legal investments for trustees, when the said county treasurers or chamberlain deem it for the best interests of the funds to make such investment.*" (Italicized portion of quotation added by the amendment.)

The applicant claims that this provision of the State Finance Law, as amended, is unconstitutional and violative of article VI, section 1, of the State Constitution. The applicant further contends that the State Finance Law does not, in any event, apply to a fund deposited in court prior to its enactment.

The Special Term denied the application of Elizabeth Schmidt for a peremptory order of mandamus commanding the Chamberlain of the city of New York to pay her the full sum deposited together with interest, and the decision of that court has been unanimously affirmed by the Appellate Division.

In order to decide this appeal it is unnecessary to determine whether the amendment of section 44-c of the State Finance Law is unconstitutional, as infringing on the rights and powers of the Supreme Court. The amendment to section 44-c is not applicable in the case at bar, notwithstanding that this proceeding originated, not in

the Supreme Court, but in the County Court of Kings county. Our decision must rest on the ground that the amendment to section 44-c applies to moneys paid into court "without a specific direction of the court having jurisdiction." The order in question specifically provides that the money is to be held by the Chamberlain "until the further order of this court herein." The language used in the order clearly shows that the court intended that the money be held readily available for disposition in the manner to be determined by the court. To hold that this phraseology is not a specific direction would be to disregard the clear language of the order. So to do would make it necessary for a court expressly to negative the provisions of the statute in order to escape its application. This would cast an unusual and an unreasonable burden on the court. The amendment to section 44-c not applying, the Chamberlain had authority to invest the money only under direction of the court, embodied in an order or decree. (Civ. Prac. Act, § 136.) Until such order was made the money should have been deposited in a "savings bank, trust company, bank, banking association or with * * * banker designated by the state comptroller." (State Finance Law, § 44-c.)

The brief submitted in behalf of the Chamberlain of the city of New York relies *inter alia* upon the case of *Chesterman* v. *Eyland* (81 N. Y. 398). That case involved the same question, namely, the investment of an infant's fund that had been paid into court. Instead of a statutory provision there was then applicable a rule of court (Rule 180 of the Court of Chancery) which provided that where no direction for the investment of funds paid into court was contained in the decree the money might be invested after a lapse of six months. It was there held that the Chamberlain was not liable for a substantial loss resulting from an investment of the fund. The case is in no way controlling, since the order of the court in that case did not specifically provide for

the fund to be held subject to the further order of the court. Moreover, there is to be noted the difference in wording between the present statute. which provides for immediate investment, and the old rule 180, which provided that no funds should be invested until the lapse of six months. The six months' period afforded the parties and the court an opportunity to consider the needs of the litigation in connection with the kind of investment or none at all if the liquidity of the fund was imperative.

The history of the right to invest court funds is interesting but not important, since all right to invest such funds without a specific direction of the court was taken away in 1892 by an amendment to the Code of Civil Procedure. Prior to that time statutory enactments contained provisos which preserved the force and effect of old court rule 180. For example, the statute enacted in 1847 (Laws of 1847, chap. 280, § 71), providing that moneys deposited in court should be placed in certain named depositaries, contained the following additional proviso: " And all the rules and regulations of the present Court of Chancery relative to receiving, keeping and disbursing any of the funds in the Court of Chancery * * * shall continue in force * * *." The Revised Statutes of 1859 incorporated the above-quoted proviso (3 Revised Statutes 1859, tit. 3, § 34, p. 286). When the Code of 1877 was adopted, this proviso was eliminated by the applicable sections providing that investments might be made by general rule (Code Civ. Proc. 1877, § 745-7). In 1892 these sections were amended (Laws of 1892, chap. 651) to read in substantially the same form as they are to-day found in the Civil Practice Act (§ 136).

Civil Practice Act, section 136, is as follows:

" § 136. Disposition of court funds. Each court may direct that money paid into that court in any action or proceeding brought therein, or any bond, mortgage or

other security which represents property belonging to any suit or party interested therein, may, after having been deposited with the county treasurer or city chamberlain, be paid out, transferred, invested or reinvested in any manner or form that appears to it best for the interests of the owners thereof. *Such directions must be embodied in an order or decree of such court, founded upon proper and sufficient evidence satisfactory to the court that such disposition of the property is best for the interests of the owners thereof or parties interested therein.* When the whole of an original deposit of money, or the whole of a distributive share thereof, or any security or other property, is directed to be paid or transferred out of court, the order must direct the payment of all accrued interest or other income belonging to the party or parties to whom such deposit or distributive share or security is ordered to be paid, transferred or delivered." (Italics interpolated.)

This section, then and now, tends to cover the entire situation as to investment of court funds and, making no proviso for investment in accordance with a general court rule, abrogated old Chancery rule 180.

It may also be of passing interest to note that when the jurisdiction and duties of the Court of Chancery were transferred to the Supreme Court (Laws of 1847, chap. 280, § 71), the securities which represented such court funds as were duly invested by order of the court and which had been theretofore registered in the name of the Clerk of the Court of Chancery were then reregistered in the name of the Clerk of the Court of Appeals. Subsequent legislation substituted for the latter the present Chamberlain of the city of New York and the respective County Treasurers.

It is further to be noted that the decision of *Chesterman* v. *Eyland (supra)*, in upholding rule 180, is not decisive of the question of the constitutionality of the amendment to section 44-c of the State Finance Law. Rule 180 was

promulgated by the Supreme Court itself, while section 44-c is a legislative enactment. The latter section can only be upheld if it is clearly found in no way to impinge upon the jurisdiction of the Supreme Court. That question, however, is reserved until a case arises which requires its determination.

The orders appealed from should be reversed and the application granted, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Orders reversed, etc.