HERMINE GERSCHON and ALVIN GERSCHON, Two Infants, by FANNY SPIRO, Their Guardian ad Litem, Plaintiffs, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant.

ALVIN GERSCHON, Petitioner, Respondent; A. A. BERLE, JR., Chamberlain of the City of New York, Appellant; CHARLES A. BUCKLEY, Respondent.

First Department, May 28, 1937.

*William S. Gaud, Jr.,* of counsel [*Paxton Blair* and *Bernard Newman* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellant.

*Nelson David Spiro* of counsel [*M. Herbert Lucas* with him on the brief], for the petitioner, respondent.

*Copal Mintz* of counsel [*Hyman Korn,* attorney], for Charles A. Buckley, respondent.

MARTIN, P. J. In 1926 the petitioner herein, who was then but thirteen years of age, through his guardian instituted an action

to recover the proceeds of an insurance policy upon the life of his father. The action was settled by an order of the Supreme Court. Pursuant thereto there was deposited with the city chamberlain for the benefit of the petitioner the sum of $1,875. Certain withdrawals were subsequently made by order of the court, the aggregate amount of which deducted from the original deposit shows a balance of $936.06. After attaining his majority the petitioner moved that the balance be paid to him. The present chamberlain opposed the motion upon the ground that his predecessor had invested $1,000 of the moneys deposited in an undivided share of a bond in the face amount of $70,000. Subsequently the mortgage securing said bond was foreclosed and title to the mortgaged premises acquired by the chamberlain. Both the chamberlain and his predecessor contend that the investment was authorized by section 44-c of the State Finance Law, as amended in 1928, which provides that moneys paid into court may be invested by the city chamberlain without specific direction of the court having jurisdiction, when the chamberlain deems it advisable to make such investments. This contention is met by the fact that the order under which the money was deposited in effect contained specific directions that the money should be held on deposit. The order in this connection provided as follows: " Ordered that the balance be deposited with the Chamberlain of the City of New York for the benefit of the infant and said sum be withdrawn only upon order of the Court."

In *Matter of Schmidt* v. *Chamberlain of City of New York* (266 N. Y. 225) a similar question was presented in connection with an order which provided: " And that the said Special Guardian pay the balance remaining in his hands to the Chamberlain of the City of New York * * * to be held by said Chamberlain of the City of New York until the further order of this court." The Court of Appeals, in sustaining a subsequent order directing payment by the city chamberlain of said balance deposited as aforesaid, held that section 44-c of the State Finance Law, as amended by chapter 837 of the Laws of 1928, applied only to moneys paid without a specific direction of the court. The court said: " Our decision must rest on the ground that the amendment to section 44-c applies to moneys paid into court ' without a specific direction of the court having jurisdiction.' The order in question specifically provides that the money is to be held by the Chamberlain ' until the further order of this court herein.' The language used in the order clearly shows that the court intended that the money be held readily available for disposition in the manner to be determined by the court. To hold that this phraseology is not a specific direction

would be to disregard the clear language of the order. So to do would make it necessary for a court expressly to negative the provisions of the statute in order to escape its application. This would cast an unusual and an unreasonable burden on the court. The amendment to section 44-c not applying, the Chamberlain had authority to invest the money only under direction of the court, embodied in an order or decree. (Civ. Prac. Act, § 136.) Until such order was made the money should have been deposited in a ' savings bank, trust company, bank, banking association or with * * * banker designated by the State Comptroller.' "

The appellant urges that the case above cited is distinguishable from the case at bar since in that case the order specifically directed that the money be held by the chamberlain. There is, however, no substantial difference between the two orders. In the case at bar the provision that the moneys were to be withdrawn only upon the order of the court carries the necessary implication that they were to be held until the further order of the court.

The city chamberlain further contends that the petitioner has mistaken his remedy and, instead of moving by petition, should have brought suit against the former chamberlain or the city for any loss sustained by the investment. The latter contention is predicated upon the fact that by chapter 186 of the Laws of 1908, as amended by chapter 185 of the Laws of 1927, which imposes upon the city a liability for moneys deposited with the chamberlain by order of the court, it is provided that " an action to recover any loss to or of such fund may be brought against the city * * * by any party aggrieved." Said provision, however, clearly does not prevent the court from issuing its further order in the premises. The petitioner should not be limited to the bringing of an action where, under the order, the funds were to be held subject to the further order of the court. The petitioner followed the procedure indicated by sections 136, and 137 of the Civil Practice Act and rule 32 of the Rules of Civil Practice. By section 137 it is expressly provided that no money which shall have been placed in the custody of the court shall be surrendered except upon an order of the court in whose custody said money shall have been placed. The petitioner accordingly moved for such an order. It was only through the chamberlain's opposition to the motion that he learned the facts as to the investment of the money deposited.

It has been the uniform procedure to obtain an order of mandamus directing the city chamberlain to pay out moneys deposited in his office to be held pursuant to the order of the court, notwithstanding there may have been an investment of such funds by

his predecessor. It should be sustained upon the basis that the city, by chapter 186 of the Laws of 1908, as amended by chapter 185 of the Laws of 1927, is under an absolute liability to refund, in cash, money deposited with the chamberlain to be held pursuant to the order of the court. The city chamberlain, therefore, as an officer of the city may properly be directed to pay out such money. It does not appear, moreover, that there has been or will be any loss by reason of said investment, since the city chamberlain has title to the mortgaged premises, the $70,000 mortgage upon which was reduced, by payments, to the sum of $50,000. It does not appear what consideration was paid for said premises. They were acquired at foreclosure sale in 1934, presumably upon a basis that affords ample protection for the investment. Obviously, the chamberlain must hold the title to said property as an officer of the city and not individually. As such officer, he should be required to find ways and means of paying out the money which his office was ordered to hold for the benefit of the petitioner. The matter should be dealt with practically and not as an abstract proposition of law. The present incumbent of the office is protected individually by the provision of section 137 of the Civil Practice Act, that no liability shall, in any event, attach to a city chamberlain because of a payment made by him in good faith in accordance with an order of the court. It is also worthy of note that this property, as stated above, has been foreclosed and the title to same is now in the city chamberlain. It would be very unjust to allow him to keep the title to the property in his name and refuse to take any action to pay those whose money was invested therein.

The order should be affirmed, with twenty dollars costs and disbursements.

TOWNLEY and GLENNON, JJ., concur; O'MALLEY and UNTERMYER, JJ., dissent and vote to reverse and deny the motion.

UNTERMYER, J. (dissenting). On December 14, 1926, under an order of the Supreme Court there was deposited with Charles A. Buckley, at that time chamberlain of the city of New York, to the credit of the petitioner, then an infant, the sum of $1,875. This sum represented the proceeds of the settlement of an action against the defendant, The Travelers Insurance Company. The order approving the settlement contained a provision that these funds "be deposited with the Chamberlain of the City of New York for the benefit of the infant and said sum be withdrawn only upon order of the Court." Subsequently, pursuant to further orders, various sums were withdrawn for the benefit of the infant

plaintiff, which, deducted from the amount deposited with the chamberlain in 1926, would leave on deposit the sum of $936.06. The petitioner's account, however, concededly, contains no such amount of cash, because, on September 19, 1929, $1,000 of the fund was invested by Charles A. Buckley, then city chamberlain, in an undivided share of a bond and mortgage which has since been foreclosed.

The Special Term concluded, and in that conclusion I agree, that the order under which the fund was deposited with the chamberlain in 1926 did not authorize any investment by him, but required the fund to be retained on deposit for the benefit of the infant. This would render liable the chamberlain who made the unauthorized investment even though it is quite evident that he acted in good faith but under a misconception of his legal rights. By chapter 186 of the Laws of 1908 (as amd. by Laws of 1927, chap. 185) the city of New York is also liable for the repayment of the fund, although at common law no such liability attached. (*Gray* v. *Board of Supervisors of Tompkins County*, 93 N. Y. 603.) Previous to the enactment of this statute the only remedy of a depositor whose funds had been illegally invested or misappropriated was against the defaulting chamberlain or the sureties on his official bond. (*Board of Supervisors of Tompkins County* v. *Bristol*, 99 N. Y. 316; *County of Erie* v. *Diehl*, 129 App. Div. 735; affd. on opinion of SPRING, J., 196 N. Y. 501; *Waydell* v. *Hutchinson*, 146 App. Div. 448.)

In consequence of the unauthorized investment by Chamberlain Buckley made about five years before the present chamberlain assumed office, he never received the funds to which the petitioner now claims to be entitled and which the order erroneously recites are " now on deposit with the said Chamberlain of the City of New York." Instead, the present chamberlain, A. A. Berle, Jr., received only an investment in a bond and mortgage which has since been foreclosed and the proceeds of which he has offered to transfer to the petitioner. The Special Term, nevertheless, has held that the present chamberlain, who is in no way responsible for the investment, must repay the balance of the amount deposited with a predecessor in 1926, even though there is no fund in the chamberlain's office out of which such a payment can be made.

This decision, it seems to me, is fruitful of unjust results. It imposes on the present chamberlain and the sureties on his official bond responsibility for all the derelictions of his predecessors in office. Even a successor trustee is not subjected to such a comprehensive liability. (*Husted* v. *Thomson*, 158 N. Y. 328; *Farmers Loan & Trust Co.* v. *Pendleton*, 179 id. 486; *U. S. Trust Co.* v.

*Stanton*, 139 id. 531.) How much more must this be true where the trust devolves upon a successor by appointment or election without opportunity to examine or to challenge the condition of the accounts of his predecessors in office. Yet, if this order is to be sustained, it must be on the theory that the chamberlain and his sureties are liable for every dereliction, whether by unauthorized investment or even by intentional misappropriation of all his predecessors subject only to whatever statute of limitation may apply. I am not willing to concede that this is so nor, in my opinion, is such the law. (*Manolt* v. *Odell*, [General Term, 1st Dept.] 4 N. Y. Wkly. Dig. 536.)

It is not necessary to decide now whether such a proceeding as this can be maintained against the city of New York, which by statute (Laws of 1908, chap. 186 [as amd. by Laws of 1927, chap. 185]) is " responsible for all funds or moneys deposited with the chamberlain and treasurer thereof," or whether the petitioner must proceed by " action " for that purpose, because this proceeding is not against the city of New York. Claims against the city of New York are not enforcible by proceedings against the chamberlain. Since the city is not a party (Greater New York Charter, § 1614) the order which has been entered against the chamberlain does not, nor could it, require the city to pay this sum. The proceeding is maintained against the chamberlain as the custodian for the petitioner of certain funds which concededly he has never received and, therefore, does not hold. If it were intended by this order to require the chamberlain to pay the claim out of such of the general funds of the city as may happen to be under his control then certainly the city, which is directly interested in the disposition of its funds, would be an indispensable respondent in the proceeding. An action cannot be maintained against an agent to require him to pay an obligation of his principal because the agent happens to be in possession of his principal's funds. Especially is this true here, because section 195 of the charter prohibits withdrawal by the chamberlain of any funds of the city except on warrant of the comptroller countersigned by the office of the mayor, upon proper vouchers, and also prohibits payment by any depositary except in accordance with these conditions. Consequently, the chamberlain and his sureties must now at their own expense restore this deposit with such comfort as they may derive from the prospect that at some future time they may recover against the city in an action for indemnity, if indeed such an action can be maintained by them under the restricted provisions of chapter 186 of the Laws of 1908 (as amd. by Laws of 1927, chap. 185). (Compare *Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Price* v. *Ryan*, 255 id. 16.) In other words, a party not otherwise liable is to be required

to pay this claim merely because, after payment, he may be able eventually to recover against those who, by law, are responsible for the loss.

I do not agree that the present incumbent would be protected by the amendment of 1927 to section 137 of the Civil Practice Act or in any other way against individual liability if the order appealed from is affirmed. If he fails to make the payment which the order requires, he will be guilty of contempt though he has no funds in this account out of which the payment can be made. (*Dibartolo* v. *Guinto*, 248 App. Div. 852.) Section 137 of the Civil Practice Act was amended in 1927 (Laws of 1927, chap. 185) to correct the situation which resulted from the decision in *Youngs* v. *Goodman* (202 App. Div. 690) by exempting the chamberlain from further liability where " in good faith " he has made a previous " surrender " of funds in accordance with an order of the court. It does not exempt him from liability where, having made no previous " surrender," he fails to comply with an order which directs a payment to be made. If, however, as it is suggested, these provisions of section 137 exempt the chamberlain from individual liability under the circumstances here, then the order which imposes such a liability should not be permitted to stand, but the petitioner should be relegated to an action or proceeding, as the case may be, against the city or against the chamberlain by whom the investment was made and his sureties.

It is suggested that there may be no loss on this investment, title to which, it is said, is now held by the chamberlain " as an officer of the city and not individually." I do not agree that he holds title as an officer of the city. On the contrary, he holds the title as trustee for the petitioner, so designated by law. In *Gray* v. *Board of Supervisors of Tompkins County* (*supra*) the court said of a county treasurer occupying the same position as the chamberlain, " He did not receive it as the agent of the county, or in any way for it, or on its behalf. It did not, by deposit with the treasurer, become the money of the county, and the county could not, through its board of supervisors, in any way control or interfere with it. The treasurer was the custodian of the money, selected not by the county, but by the law." However this may be, there is no basis for assuming that the chamberlain can convert this investment into cash equivalent to the amount received by his predecessor in 1926, nor is any such relief demanded nor was any evidence to that effect adduced by the petitioner. On the contrary, if the value of the petitioner's interest in the property were equal to the cash deposited with the chamberlain, there is every reason to believe that there would have been no foreclosure and further-

more that the petitioner would have accepted the interest which was tendered to him. In any event, the purpose of this proceeding is not to require the chamberlain to convert into cash the real property which he now holds and to pay the proceeds to the petitioner, but to require him to pay in cash the exact sum deposited with his predecessor in December, 1926.

The conclusion which I have expressed would impose no undue hardship on persons whose funds have been illegally invested or misappropriated by the chamberlain. They have, of course, recourse against the officer who made the illegal investment and against his sureties. They also have recourse against the city of New York by chapter 186 of the Laws of 1908 (as amd. by Laws of 1927, chap. 185), enacted on the theory that the city should be liable for all funds deposited with the chamberlain. There is no reason for extending that liability to a party who is not responsible for the investment in either capacity.

The order should be reversed and the motion denied.

O'MALLEY, J., concurs.

Order affirmed, with twenty dollars costs and disbursements.