HERMINE GERSCHON et al., Infants, by FANNY SPIRO, Their Guardian ad Litem, Plaintiffs, *v.* TRAVELERS INSURANCE COMPANY, Defendant.

ALVIN GERSCHON, Respondent; A. A. BERLE, JR., as Chamberlain of the City of New York, et al., Appellants.

54

Argued September 28, 1937; decided November 23, 1937.

*Paul Windels*, Corporation Counsel (*William S. Gaud, Jr., Paxton Blair* and *Bernard Newman* of counsel), for A. A. Berle, Jr., as Chamberlain of the city of New York, appellant. The petitioner's moneys were properly invested under section 44-c of the State Finance Law (Cons. Laws, ch. 56). (*County of Tompkins* v. *Ingersoll*, 81 App. Div. 344; 177 N. Y. 543; *Barone* v. *Ætna Life Ins. Co.*, 260 N. Y. 410; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Matter of Stillwell*, 139 N. Y. 337; *People ex rel. Ryan* v. *Green*, 58 N. Y. 295.)

*Copal Mintz* and *Hyman Korn* for Charles A. Buckley, appellant.

*Murray D. Welch* for Hartford Accident and Indemnity Company et al., *amici curiæ*. The investment of the petitioner's funds by the Chamberlain was authorized by the court order of November 29, 1926. (*Chesterman* v. *Eyland*, 81 N. Y. 398; *Matter of Schmidt* v. *Chamberlain*, 266 N. Y. 225; *Matter of Doheny*, 157 Misc. Rep. 735; *County of Tompkins* v. *Ingersoll*, 81 App. Div. 344.)

*Nelson David Spiro* for respondent. The original order of deposit was a specific direction of a court having jurisdiction of the subject-matter. The Chamberlain, therefore, had no power or authority to withdraw the funds from the petitioner's account and invest them without further order of the court. (*Mills* v. *Bluestein*, 275 N. Y. 317.) Section 44-c of the State Finance Law is unconstitutional in that it is an attempt by the Legislature to encroach upon and abridge the existing judicial

powers and functions of the Supreme Court granted by the Constitution over the property and property rights of infants as wards of the court, and lodge such powers and functions in a ministerial officer who is a mere custodian of moneys deposited with him by court order, and permitting him to invest such moneys without hearing or notice to the parties interested. (*People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *Matter of Steinway*, 159 N. Y. 250; *Wilcox* v. *Wilcox*, 14 N. Y. 575; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; Civ. Prac. Act, § 64.)

HUBBS, J. Alvin Gerschon, the respondent herein, upon coming of age, made a motion based upon a petition for an order directing the Chamberlain of the City of New York to pay to him $1,000, the balance of moneys deposited in his office on December 14, 1926, pursuant to a court order entered upon the settlement of an action instituted in his behalf while an infant. The order, pursuant to which the money was deposited, provided that it " be deposited with the Chamberlain of the City of New York for the benefit of the infant and said sum be . withdrawn only upon order of the court." The order did not contain any direction as to how the money should be handled by the Chamberlain as it might have under section 136 of the Civil Practice Act.

The Chamberlain submitted an answering affidavit setting forth that in September, 1929, the sum of $1,000 out of the petitioner's money was invested by the then Chamberlain in an undivided share of a bond and mortgage, which investment was made under authority claimed to be vested in the Chamberlain by section 44-c of the State Finance Law (Cons. Laws, ch. 56). He also furnished, in accordance with rule 32 of the Rules of Civil Practice, a certificate which contained the following statement: " Invested — $1000-B of M mtg. Of this investment $1000 is not available for payment at this time."

It appeared on the hearing at Special Term that if the balance of moneys deposited to the credit of the petitioner had remained on deposit, the present value thereof at bank interest would have been in the net amount of $936.06, which amount the petitioner agreed to accept. The Special Term directed the Chamberlain to pay to respondent that sum, with interest. The order was affirmed by the Appellate Division on the ground that the investment was illegal. Leave was granted to appeal to this court on the following certified question: " Is the petitioner entitled to receive from the present Chamberlain in cash the sum of $936.06, together with interest? "

It appeared from the affidavits submitted on the motion that the former Chamberlain had purchased a mortgage for $70,000 and had assigned to this infant an interest in that mortgage; that the mortgage was subsequently reduced by payments to $50,000, and that it was foreclosed and title to the property was taken by the Chamberlain. The claimed authority for the investment by the Chamberlain of the moneys deposited for the benefit of the petitioner is section 44-c of the State Finance Law, which provides: " All moneys so paid into court may be invested by the several county treasurers and in the city of New York by the chamberlain, without a specific direction of the court having jurisdiction, in securities that are legal investments for trustees, when the said county treasurers or chamberlain deem it for the best interests of the funds to make such investments."

It is the contention of the respondent that the decision of this court in Matter of Schmidt v. Chamberlain (266 N. Y. 225) is conclusive and establishes that the investment made by the Chamberlain of the infant's funds was illegal, and it is upon that decision that the Appellate Division has relied. The order there under consideration provided: " and that the said special guardian pay the balance remaining in his hands to the Chamberlain of the City of New York * * * to be held by said Chamber-

lain of the City of New York until the further order of this court."

In interpreting that order we construed the word "held" as indicating that the court intended that the money be held readily available for distribution in the manner to be determined by the court.

The order here involved does not contain the word "held" or equivalent direction as to the disposition of the moneys.

In *Mills* v. *Bluestein* (275 N. Y. 317) we had under consideration an order very similar in language to that here involved in so far as it provides for a deposit of the funds. That order required the defendant in the action to deposit the sum of $1,000 "with the City Chamberlain of the City of New York to the credit of the infant plaintiff William Mills there to remain on deposit until said infant shall have attained the age of 21 years, or until the further order of the court in the premises."

That order further provided: "and said City Chamberlain is hereby further authorized and directed to invest the said money so deposited with him to the credit of said infant plaintiff, in a guaranteed mortgage or guaranteed mortgage certificate or other similar securities, the net income therefor to be held for the account and benefit of said infant plaintiff."

In that case the order contained a specific direction for the investment of the money in a security of the class in which it was actually made and this court held that the Chamberlain could not be compelled to pay in cash the money deposited.

The two cases cited are clearly distinguishable from the case at bar on the ground that in the first there was a specific direction to hold and an absence of authorization to invest, and in the other there was specific authority for the investment and absence of a direction to hold. Neither case can be construed as answering the question as to whether, where there is an order for deposit subject only to the further order of the court with neither a specific

direction to hold nor a specific authorization for an investment, the mere fact that the deposit is subject to the further order of the court places such a restriction upon the Chamberlain that he may not act under the authority granted by section 44-c of the State Finance Law. A decision to the effect that the Chamberlain is not permitted to invest court funds deposited with him in cases where the order of deposit fails to recite either that the funds so deposited are to be held or to be invested, would nullify section 44-c of the State Finance Law. That section was enacted to provide for cases where there is no specific direction in the order to invest or not to invest funds deposited by order of the court. To hold that where, as in the instant case, no specific direction is given in the order the statute affords no protection to the Chamberlain who acts in reliance thereon would thwart the clearly stated purpose of the Legislature in enacting section 44-c. We may go far to sustain the power of the court to retain control of funds deposited by its order, where in the order specific direction is expressed as to how the fund is to be handled. That was the effect of our decision in *Matter of Schmidt* v. *Chamberlain (supra)*, but an application of the rule laid down in that case to the facts in this case would be unwarranted because of the difference in the wording of the orders.

The Legislature by section 44-c of the State Finance Law has placed a discretion in the Chamberlain in cases where the court in the order directing the deposit of funds does not make a direction as to their disposition and we may not by judicial construction create a distinction where none exists from the fair import of the words of the statute and take from the Chamberlain the discretion so conferred upon him. The words " until the further order of the court," contained in the order in the case of *Matter of Schmidt* v. *Chamberlain (supra)* and in *Mills* v. *Bluestein (supra)*, standing alone, do not constitute a specific direction within the meaning of section 44-c of the State Finance Law, that the funds shall

not be invested. Neither do the words to "be withdrawn," when coupled with the words "only upon order of the court," constitute a specific direction to the Chamberlain to hold the funds and not to invest them in securities authorized by statute. There is no more a withdrawal of sums deposited when invested by the Chamberlain than there is when moneys paid over to the Chamberlain are deposited in a bank. The moneys or that which represent the moneys in either case remain under the jurisdiction and control of the Chamberlain. The word "withdrawn" refers to a removal of the moneys, or that which represents the moneys, from the custody and control of the Chamberlain.

At least three situations may arise when court funds are turned over to the Chamberlain by order of a court. If the court anticipates that some of the funds may be needed from time to time and it does not desire to have them invested by the Chamberlain, the order should provide that the money shall be held by the Chamberlain and not invested. It will then be the duty of the Chamberlain to deposit the money in a duly approved depositary. If, however, the court believes that the money will remain in charge of the Chamberlain for a considerable period, and that a higher rate of interest should be secured than paid by authorized depositaries, the order should provide that the money be invested by the Chamberlain. If the court does not desire to give specific directions in the order, the money will be received by the Chamberlain subject to his discretion as to whether it shall be invested or kept on deposit in an approved depositary.

The respondent contends that section 44-c of the State Finance Law, as amended in 1928 (L. 1928, ch. 837), is unconstitutional in that it is an attempt by the Legislature to encroach upon and abridge the existing judicial powers and functions of the Supreme Court granted by the Constitution over the property and rights of infants as wards of the court and lodge such powers and functions

in a ministerial officer who is a mere custodian of moneys deposited with him by court order. The statute is operative only where the court fails to direct a disposition of the funds. However, the court is not required to direct. Section 136 of the Civil Practice Act reads in part: " Each court may direct that money paid into that court * * * may * * * be * * * invested * * *."

The statute operates only in the event the court fails to direct how the money shall be handled. The statute does not deprive it of any jurisdiction which it formerly possessed. It may act if it deems it advisable. It is only in case of its failure to act that discretion is vested in the Chamberlain.

The orders should be reversed as to appellant, Berle, Jr., as Chamberlain, etc., with costs in all courts, the motion denied, with ten dollars costs, and the question certified answered in the negative. The appeal by Charles A. Buckley should be dismissed, without costs.

RIPPEY, J. (dissenting). On November 29, 1926, an order was made in the above-entitled action permitting and authorizing the guardian *ad litem* to make a settlement and compromise of the cause of action for the sum of $5,000. The order directed payment therefrom to the attorneys for the plaintiff of the sum of $1,250 plus disbursements and it was further " ordered, that the balance be deposited with the Chamberlain of the City of New York for the benefit of the infant and said sum be withdrawn only upon order of the Court." Accordingly there was deposited with the Chamberlain of the City of New York for the benefit of Alvin Gerschon the sum of $1,785 which represented one-half of the net balance of the money received from the settlement. Subsequently three orders were made herein by the court dated September 21, 1931, September 23, 1932, and December 3, 1936, authorizing withdrawals from such funds so deposited plus accrued interest in the aggregate

of $1,347.32, leaving a balance as of the time of the commencement of this proceeding in the hands of the Chamberlain of $936.06. Alvin Gerschon, having arrived at maturity, filed a petition in which he requests that such balance together with accrued interest be paid over to him. On February 18, 1937, an order was made at Special Term directing payment. The Appellate Division has affirmed.

It appears that on September 19, 1929, the Chamberlain, without order of the court, withdrew $1,000 of such sum so deposited and, again without order of the court, invested the same in an undivided share of a bond in the face amount of $70,000 made by the New York Electrical Trade School, secured by a mortgage in the sum of $70,000, thereafter reduced to $50,000, covering premises at 39 West Seventeenth street, Manhattan, New York city, and that this mortgage was foreclosed and the City Chamberlain acquired title to the premises on December 17, 1934. The Chamberlain asserts that he has no cash in his hands but he has that investment which represents an undivided interest in real property. He admits that the balance, if it had been on deposit in bank at regular interest, would have amounted, after deducting his commissions, to the sum of $936.06 as claimed by the petitioner.

It has been the common understanding that an order made in the form in which this order of deposit was made required the depository to retain the deposit in cash unless the court ordered it withdrawn or invested. That the Chamberlain so understood and construed the meaning of the order is irrefutably indicated by the fact that it was all so retained for the period from November 29, 1926, to September 19, 1929, and $1,347.32 of the fund was retained for a further period until withdrawn and paid over for the use of the infant by the aforesaid orders. The obvious purpose of the order being made in the form indicated was to retain the fund in such shape that it might be at any time with-

drawn in cash for the benefit of the infant as and when the court deemed it proper. In *Matter of Schmidt* v. *Chamberlain* (266 N. Y. 225) this court held that an order of deposit of funds with the Chamberlain " to be held by said Chamberlain of the City of New York until the further order of this court herein " required the Chamberlain to hold the funds available for distribution at any moment that distribution might be deemed advisable by the court. Under such an order the Chamberlain was not authorized to make any investment of the fund but was prohibited from doing so. Attempt is now made to draw a distinction, affecting substantial rights of the parties involved, between the order in the case at bar and the order made in the *Schmidt* case. In the latter case the order provided that the sum be *deposited* with the Chamberlain to the credit of the infant " to be held by said Chamberlain of the City of New York until the further order of this court herein." In the case at bar the order provides that the moneys be *deposited* with the Chamberlain for the benefit of the infant and that " *said sum* be withdrawn only upon order of the Court." In the one case, it is said, the words used mean that the Chamberlain must keep the cash on hand or deposit, while, in the other, he need not do so. The one constitutes a " direction; " the other does not. To my mind the meanings are identical. One is a direction; the other a prohibition. " To hold " is. " not to withdraw." So the dictionary teaches us. The form of order in the instant case is in the usual and general form prepared to require retention of the moneys in cash or on deposit. As above indicated, that meaning was attributed to it by the Chamberlain, and I see no occasion to now make the order read something entirely to the contrary. Whether the court was " not required to direct " as to whether the funds should be held or invested is beside the point. *The court did direct that the sum on deposit should not be withdrawn without*

*further order of the court,* and the Chamberlain violated the direction.

The order of the Appellate Division should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur with HUBBS, J.; RIPPEY, J., dissents in opinion.

Orders reversed, etc.