THE NATIONAL BANK OF FAR ROCKAWAY, and MAX MONFRIED and CHARLES WARNER, Copartners Doing Business as MONFRIED & WARNER, Respondents, *v.* THE CITY OF NEW YORK, Appellant, and CHARLES A. BUCKLEY and Others, Impleaded Defendants.

First Department, January 28, 1938.

*Oren Clive Herwitz* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the appellant.

*Carl E. Peterson* of counsel [*Richard M. Monfried* with him on the brief; *Pettit & Pettit*, attorneys, for the respondent bank; *Monfried & Warner*, respondents in person], for the respondents.

DORE, J. The issue presented for our determination on this appeal is whether the chamberlain of the city of New York had authority under section 44-c of the State Finance Law, as amended (Laws of 1928, chap. 837, in effect April 6, 1928), to invest funds deposited in court where the order directed the deposit of the funds

" subject to the further order of the court pending the determination of certain actions now pending in the Supreme Court of Queens county."

The facts are not in dispute. The actions referred to in the order as pending at the time the order was made had been brought to settle the ownership of certain awards in a condemnation proceeding. The order from which the phrase in question is above quoted was made on April 7, 1932, in the said condemnation proceeding. Pursuant to that order the sum of $7,503.71 was on June 2, 1932, deposited with the chamberlain of the city of New York. On September 9, 1932, and on August 18, 1933, the chamberlain of the city of New York made two investments of $1,800 each of the funds thus deposited in two undivided shares of mortgage bonds, one guaranteed by Prudence Company, Inc., the other by State Title and Mortgage Company. On April 6, 1936, an order was made in the condemnation proceeding to determine the ownership of the moneys thus deposited with the chamberlain, which directed the chamberlain to pay to plaintiffs Monfried and Warner $4,963.75 and to plaintiff The National Bank of Far Rockaway the balance of the money so deposited. Thereafter the chamberlain paid to Monfried and Warner $4,424.73 which with the chamberlain's fee exhausted the available balance of cash held on deposit, the remainder having been invested as above stated in the two participation mortgage certificates. The chamberlain tendered the plaintiffs evidence of their ownership of these undivided shares in the mortgage certificates less the chamberlain's commissions but that tender was refused. Thereafter this action was brought to recover in cash the balance alleged to be due to plaintiffs Monfried and Warner, and for plaintiff The National Bank of Far Rockaway the final cash balance of the principal sum deposited with the chamberlain pursuant to the order of April 7, 1932. For an affirmative defense the chamberlain alleged that the two abovementioned investments were legal and proper for trust funds, and also alleged the tender. Plaintiffs moved to strike out the defense and for judgment on the pleadings. That motion was granted by the Special Term and from the order granting the motion and the judgment entered thereon in plaintiffs' favor against defendant city of New York, said defendant appeals.

Immediately prior to April 6, 1928, when section 44-c of the State Finance Law was amended, the custody, disposition and investment of all court funds deposited with the city chamberlain and other proper custodians were governed by the then existing provisions of section 44-c of the State Finance Law, section 136

of the Civil Practice Act, and rules 30 to 34 of the Rules of Civil Practice. Section 44-c of the State Finance Law was originally enacted in 1920 (Laws of 1920, chap. 929, § 1) and was identical with the first part of section 746 of the Code of Civil Procedure, as amended in 1892 (Laws of 1892, chap. 651). The first part of present section 136 of the Civil Practice Act is, without change of substance, sections 747 and 748 of the Code of Civil Procedure, as amended in 1892.

Prior to the amendment of 1928 there was no authority under section 44-c of the State Finance Law for the custodian of court funds to invest in mortgages or any other investment unless a proper court order was obtained pursuant to section 136 of the Civil Practice Act and the rules. Without such order or decree founded on proper and sufficient evidence satisfactory to the court that such investment was best for the interest of the owners thereof or the parties interested therein (Civ. Prac. Act, § 136), the custodian had no discretion or authority to make investments and was required to keep such funds on deposit in an approved depositary.

Accordingly in court orders for the deposit of court funds made prior to the amendment of section 44-c in 1928 it was unnecessary to embody the statutory restriction contained in section 136 of the Civil Practice Act, since such limitation was necessarily implied in every order by virtue of the provisions of section 136 and section 44-c, as unamended. However, by the amendment of 1928 there was added to section 44-c of the State Finance Law the following provisions: " All moneys so paid into court may be invested by the several county treasurers and in the city of New York by the chamberlain, without a specific direction of the court having jurisdiction, in securities that are legal investments for trustees, when the said county treasurers or chamberlain deem it for the best interests of the funds to make such investments." Acting under this amendment, the chamberlain of the city of New York alleges in his defense that in 1932 and 1933 he invested a portion of these funds in the two participating mortgage certificates which then were legal investments for trustees.

Plaintiffs contend and the Special Term held that the provisions of the deposit order herein constituted a " specific " direction prohibiting discretionary investment of the funds by the chamberlain and cite Matter of Schmidt v. Chamberlain of N. Y. (266 N. Y. 225). Defendant contends that the order did not contain a specific direction that the moneys be held by the chamberlain and not invested, that the chamberlain had the right under section 44-c, as amended, to make the investment, and that it was error to strike out the defense. Defendant relies on Gerschon v. Travelers Insur-

*ance Co.* (276 N. Y. 53), decided after the order appealed from herein was entered.

The order construed in *Matter of Schmidt* v. *Chamberlain of N. Y.* (266 N. Y. 225) directed that an infant's funds deposited with the chamberlain " be held by said chamberlain of the city of New York until the further order of this court herein." The Court of Appeals held that the language of the order clearly showed the court intended the money to be held readily available for disposition in the manner to be determined by the court; that the phraseology used was a specific direction to the chamberlain; that it is not necessary for a court expressly to negative the provisions of section 44-c, as amended, in order to escape its application, and that the amended section 44-c only applies to moneys paid into court without a specific direction of the court having jurisdiction. While the court in that case did not rule upon the contention that the amendment of section 44-c was unconstitutional, it stated that the section as amended could be upheld only if it was found in no way to impinge upon the jurisdiction of the Supreme Court.

Referring to and distinguishing the *Schmidt* case, the Court of Appeals in the later case of *Gerschon* v. *Travelers Insurance Co.* (*supra*) stated that the word " held " in the order in the *Schmidt* case was construed as indicating the court intended the money to be held, whereas the order in the *Gerschon* case did not contain the word " held " or equivalent direction as to the disposition of moneys. In the *Gerschon* case the terms of the order directed that an infant's funds " be deposited with the Chamberlain of the City of New York for the benefit of the infant and said sum be withdrawn only upon order of the court." The court construed that language to mean that the money was deposited without a specific direction to hold or a specific authorization to invest and the mere fact that the deposit was subject to the further order of the court did not place such a restriction on the chamberlain that he could not act under the authority granted by section 44-c of the State Finance Law, and said:

" A decision to the effect that the chamberlain is not permitted to invest court funds deposited with him in cases where the order of deposit fails to recite either that the funds so deposited are to be held or to be invested, would nullify section 44-c of the State Finance Law. That section was enacted to provide for cases where there is no specific direction in the order to invest or not to invest funds deposited by order of the court. To hold that where, as in the instant case, no specific direction is given in the order the statute affords no protection to the chamberlain who acts in reliance

thereon would thwart the clearly stated purpose of the Legislature in enacting section 44-c. * * *

" The Legislature by section 44-c of the State Finance Law has placed a discretion in the chamberlain in cases where the court in the order directing the deposit of funds does not make a direction as to their disposition and we may not by judicial construction create a distinction where none exists from the fair import of the words of the statute and take from the chamberlain the discretion so conferred upon him."

It also stated that the words, " until the further order of this court," contained in the order in the *Schmidt* case, standing alone, did not constitute a specific direction within the meaning of section 44-c of the State Finance Law that the funds shall not be invested, and held that the words in the order in the *Gerschon* case, " be withdrawn," coupled with the words, " only upon order of the court," did not constitute a specific direction to hold the funds and not to invest them in securities authorized by statute. The court pointed out that when court funds are turned over to the chamberlain by order of a court the following three situations may arise: " If the court anticipates that some of the funds may be needed from time to time and it does not desire to have them invested by the chamberlain, the order should provide that the money shall be held by the chamberlain and not invested. It will then be the duty of the chamberlain to deposit the money in a duly approved depositary. If, however, the court believes that the money will remain in charge of the chamberlain for a considerable period, and that a higher rate of interest should be secured than paid by authorized depositaries, the order should provide that the money be invested by the chamberlain. If the court does not desire to give specific directions in the order, the money will be received by the chamberlain subject to his discretion as to whether it shall be invested or kept on deposit in an approved depositary."

Commenting on the objection that the amendment of section 44-c was unconstitutional, the court said: " The statute operates only in the event the court fails to direct how the money shall be handled. The statute does not deprive it of any jurisdiction which it formerly possessed. It may act if it deems it advisable. It is only in case of its failure to act that discretion is vested in the chamberlain."

We consider that the ruling in the *Gerschon* case is controlling here and that here as in the *Gerschon* case there was no " specific " direction to the chamberlain to hold the funds and not invest them in securities authorized by statute. The order contains no specific direction that the funds shall remain on deposit in an approved

depositary nor does it give any specific direction that the funds be invested. Accordingly it should be held that the defense is sufficient in law and should not have been stricken out.

The order and judgment appealed from should be reversed, with costs, and the motion denied.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied.