In the Matter of the Petition of JULIA W. PORGES,
Respondent.
ALMERINDO PORTFOLIO, as Treasurer of the City of New
York, Appellant.

Argued May 31, 1939; decided July 11, 1939,

*William C. Chanler, Corporation Counsel* (*Bernard New-man* and *Seymour B. Quel* of counsel), for appellant.

*Harold M. Rosenzweig* and *Merle I. St. John* for respond-ent.

Hubbs, J. Pursuant to an order of the Supreme Court in a partition action, the sum of $5,857.56 was deposited on March 6, 1902, in the office of the Chamberlain of the City of New York " to be held by him until the death of Adolphus Monell Sayre." Sayre having died, the petitioner filed a notice of motion in the partition action for an order directing the then Chamberlain to turn over to her in cash her proportionate share, one-third, of the money originally credited to the account, with interest.

The Chamberlain interposed an affidavit in opposition to the motion, stating that he had on hand to the credit of the account

$2,453.79  Cash.
15,600.00  Guaranteed mortgage certificate in Series F-1.
2,700.00  Share in guaranteed bond and mortgage on 163 West Twenty-third street, New York city.

The affidavit stated that a predecessor Chamberlain had so invested a part of the funds pursuant to section 44-c of the State Finance Law (Cons. Laws, ch. 56); that the securities could not be liquidated at face value, and recited a tender of the cash with an assignment of the securities held. Subsequent to the motion the office of City Chamberlain was abolished, its functions transferred to the City Treasurer, and the City Treasurer has been substituted as a party herein.

The Special Term originally held that the order of deposit did not direct a retention of the moneys deposited, that the Chamberlain had power under section 44-c to invest the funds, that the investments made were not illegal *per se,* and that he could not be held liable if the investments were made in good faith on the representations of the title com-

panies. The court ordered a reference to determine whether the investments made were legal; if not whether the Chamberlain is exonerated because they were made in good faith on representations by the title companies; whether petitioner is one to share in the fund; and, if so, the extent of such participation.

Both parties appealed from the order of reference. The Appellate Division modified by eliminating all issues except as to the right of petitioner to participate and the extent of participation. Two justices dissented (255 App. Div. 757).

The referee found petitioner entitled to participate to the extent of one-third of the fund. Thereupon the Special Term ordered payment to the petitioner of $6,100 in cash, that being one-third of the sum representing the total of the investments — one-third of the cash having been paid over pursuant to stipulation that payment should be without prejudice to the rights of the parties. Upon appeal the Appellate Division affirmed, two justices dissenting, and certified to this court two questions:

" 1. Were the investments of the funds received by the Chamberlain's office under the order of the court of May 21, 1901, authorized?

" 2. Is the petitioner, Julia W. Porges, entitled to an order in the present proceeding directing that there be paid to her in cash the sum of $6,100 together with the accrued interest, and less fees?"

To answer the first question would be to anticipate an issue not now before us if a negative answer to the second question is required. Whether the petitioner is entitled to have turned over to her in cash the portion of the funds invested by the former Chamberlain depends upon whether liability may be imposed on the Chamberlain in office when this motion was made, or the City Treasurer who has succeeded to his office, for an investment of funds made by a former Chamberlain. It is undisputed that no investment was made by the Chamberlain in office when the motion was made. All that he received was the cash referred to in his affidavit, plus the securities tendered.

No direct answer has been given by this court to the question here involved. The Appellate Division in the first department, in *Gerschon* v. *Travelers Ins. Co.* (251 App. Div. 281), held squarely that even though a predecessor Chamberlain had invested funds deposited under an order providing for their withdrawal only upon the order of the court, the sum due was properly ordered paid over in full by the Chamberlain then in office upon a motion in the original action. Such decision was rendered by a divided court, the two justices there dissenting being the two justices who have dissented upon the appeals in the present case. However, that decision by the Appellate Division has not been given the stamp of approval by this court, since the case came here on a certified question: " Is the petitioner * * * entitled to receive from the present Chamberlain in cash the sum of $936.06, together with accrued interest? " and this court reversed upon the ground that it appeared that the investment made was authorized under the facts there presented. The procedural question was not discussed. (276 N. Y. 53.)

The second department, in *Pfeffer* v. *Lehmann* (255 App. Div. 220), reached the conclusion that the City Chamberlain receives such a deposit as trustee and that a subsequent Chamberlain can be held responsible only to the extent of money or property actually received by him.

Prior to 1908 it was a rule of the common law that no recovery could be had against a city for the loss of money deposited with a City Chamberlain. (*Gray* v. *Board of Supervisors*, 93 N. Y. 603.) The remedy was by action against the defaulting Chamberlain and the sureties on his official bond. (*County of Erie* v. *Diehl*, 129 App. Div. 735; affd., 196 N. Y. 501.)

In 1908, by chapter 186 of the Laws of that year, it was enacted: " The city of New York and outside thereof, each county of the state shall be responsible for all funds or moneys deposited with the chamberlain and treasurer thereof respectively by virtue of a judgment, decree or order of any court of record in this state, and an action to recover

any loss to or of such fund may be brought against the city or county respectively by any part aggrieved or by the comptroller of the state of New York in a court of competent jurisdiction."

The act imposes no liability upon the city enforcible except in an action in which the city is a party. In the present action the city is not a party. The Chamberlain (now city treasurer), to the extent that he has money or property belonging to the fund is clearly subject to the order of the court. If he has dissipated the fund, he may be required to make good or be liable for contempt for disobedience of an order requiring him to pay over. Beyond that the individual Chamberlain cannot be held liable. Clearly he has no individual responsibility beyond the money and property which have come into his hands. By assuming the office he does not assume liability for the defaults or misfeasance of a predecessor. His official liability is no greater than his individual liability. By an order directed against him, either in his individual or in his official capacity, the city may not be made liable under a statute which gives a cause of action against it. By its prior decisions this court has adhered to the rule that an order against the Chamberlain will be sustained in those cases where the investment was illegal or improper and made by him. (*Matter of Schmidt* v. *Chamberlain*, 266 N. Y. 225.) But not where the investment was held to be proper, whether made by him or by a predecessor. (*Mills* v. *Bluestein*, 275 N. Y. 317; *Gerschon* v. *Travelers Ins. Co.*, 276 N. Y. 53.) In none of those cases was the liability of the city considered or determined. In each case the motion was directed against the Chamberlain and in the case where he was directed to pay this court did not concern itself with the source from which payment was to be made — it did not direct payment out of city funds. This court has not held that a Chamberlain must pay out of city funds the amount of an illegal investment where a motion was made in the original action, and it has not determined that a Chamberlain is liable for an amount illegally invested by a predecessor. The question is open

as to whether, assuming the illegality of an investment made by a prior Chamberlain, a direction to a Chamberlain in office to turn over moneys never received by him is proper, and the answer to that question is obvious, namely that such an order is improper and must be reversed. At common law the city would not be liable. Its liability is purely statutory and to enforce liability the statutory procedure must be followed. Very likely it would be advantageous to have all questions involved determined in a proceeding in the action in which the money was deposited by making the city a party to such a proceeding. However, that is a question for the Legislature.

Such being our decision upon the one question, it would be futile to discuss here the legality of the investment made. That is a matter to be determined when the question of petitioner's loss, if any, has been legally presented for determination against the City, the prior Chamberlain and the sureties on his official bond.

The orders appealed from should be reversed, with costs and the proceeding dismissed. The second question should be answered in the negative and an answer to the first question refused on the ground that it involves a matter not pertinent to the present appeal.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.