EDITH GELDMACHER, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

City Court of New York, Special Term, New York County, December 23, 1940.

*Melville Southard,* for the plaintiff.

*William C. Chanler, Corporation Counsel [Bernard Newman, Assistant Corporation Counsel,* of counsel], for the defendant.

COLEMAN, J. This is a motion by the plaintiff for summary judgment in an action against the city to recover the sum of $3,000, based upon the unauthorized investments by the then city chamberlain of funds deposited with him by order of the Supreme Court for the benefit of the plaintiff, then an infant. The fund was deposited with the chamberlain on January 4, 1924, as the result of the settlement of the infant's action for personal injuries. The order permitting the settlement provided that the fund be deposited " subject to the further order of this court." There were no later directions. On May 25, 1927, the chamberlain invested $2,400 of the fund in a participation certificate of a bond secured by a first mortgage upon real estate; and on March 18, 1932, he made a similar investment in the same bond of an additional sum of $600. Each of these investments the plaintiff contends was made without authority, and because they were unauthorized she adds the city is liable for the entire amount. The investments will be treated separately.

The applicable statutes when the first investment was made were section 136 of the Civil Practice Act and chapter 186 of the Laws of 1908. The first provided that directions for the paying out, or the investment, of funds deposited with the chamberlain " must be embodied in the order or decree " of the court ordering the deposit; chapter 186 of the Laws of 1908 made the city " responsible for all funds or moneys deposited with the chamberlain." As there were no directions, the investment was unauthorized and the city is liable to the full extent of the investment. (*Matter of Schmidt* v. *Chamberlain,* 266 N. Y. 225.)

But the city relies upon *City of New York* v. *Buckley* (260 App. Div. 19) as requiring a different result. That case does not apply. That was an action by the city (after it had already been held liable to persons in positions similar to that of the plaintiff here) against the chamberlain for the loss sustained by reason of unlawful investments. The city there was required to prove negligence and failed to do so. The liability of the city here is not based upon negligence; it is based upon the act of the chamberlain in making an investment not authorized by law. The city, through its chamberlain, accepted plaintiff's property for safekeeping, subject to the directions of the court; and it failed to do so.

The city also relies upon a statutory change made in 1928 (State Finance Law of 1909, § 44-c, now State Finance Law, § 182), which

it believes "cured and legalized any defect that may have been inherent in the investments made by the chamberlain prior to the passage of the amendment." But if the original investment at the time was unlawful the fact that the chamberlain was free thereafter to do what was originally done cannot "cure" the defect. A trustee who had invested trust funds in a security which was "ineligible" at the time of investment but which later became "eligible" might not in the absence of proof of an intervening depreciation and loss be held to be derelict in his duty. (Cf. 2 Scott on Trusts, § 230.5; Restatement, Trusts, § 230, comment [f].) But while the chamberlain's responsibility is similar to that of a trustee (*Mills* v. *Bluestein*, 275 N. Y. 317, 322), his act of investing here was not a dereliction of duty, subjecting him to liability only in case of loss to his beneficiary. It was an act of conversion by which under the general rule he became liable at once for the full amount of the property converted. For by hypothesis the chamberlain had no power at all to invest; he was only to receive and to hold until further order; while a trustee, in the absence of restriction in deed or will, may, in his judgment, invest within the scope permitted him by statute.

A different question is presented as to the second investment, made, as we have said, in 1932. By that time it was lawful for the chamberlain to make the investment that he did "without a specific direction of the court." (State Finance Law, § 182; Pers. Prop. Law, § 21.) "A specific direction" to the contrary would be controlling, the 1928 amendment to the State Finance Law having been "enacted to provide for cases where there is no specific direction in the order to invest or not to invest funds deposited by order of the court." (*Gerschon* v. *Travelers Ins. Co.*, 276 N. Y. 53, 59.) Was there a direction to the contrary here?

The order of the Supreme Court relating to the funds in settlement provided that they "be deposited * * * with the chamberlain of the city of New York to the credit of the infant plaintiff, subject to the further orders of this court." I do not think this can be construed as a direction on how the fund should be handled by the chamberlain. It does not direct him to hold it in his possession, to retain it, and to make no investments; certainly, it contains no direction as to how it should be invested. It relates only to a withdrawal of the fund, not to its investment. The language of the order in the *Gerschon* case (276 N. Y. 53) is somewhat different, but there is no difference in effect. There the fund was to "be deposited with the chamberlain for the benefit of the infant and said sum [was to] be withdrawn only upon order of the court." The court held that under that order the chamber

lain was free to invest in such securities as the law then permitted without application to the court. "A decision to the effect that the chamberlain is not permitted to invest court funds deposited with him in cases where the order of deposit fails to recite either that the funds so deposited are to be held or to be invested would nullify section 44-c of the State Finance Law " (p. 59). Here there was no direction as to the handling and disposition of the fund beyond that of deposit, and the general language of the statute permitting investment should prevail.

The city, therefore, is not liable as to the investment of $600 made after the enactment of section 44-c of the State Finance Law. After the argument of this motion the city paid to the plaintiff $515. It is conceded that from a bookkeeping standpoint there is no way of telling whether that sum should be credited to the first investment of $2,400, or to the second of $600. But as an allocation must be made, it should be made in such a way that the result reached will be most favorable to the innocent party, the plaintiff, on the familiar doctrine that one cannot profit by his own wrongdoing. A presumption must be indulged in against the city and in favor of saying that the payment was on account of the second investment. (Cf. *King* v. *Talbot*, 40 N. Y. 76, 90.)

The plaintiff's motion is granted to the extent of allowing partial summary judgment in favor of the plaintiff for $2,400 upon the first investment, and denied as to the balance. The action will be severed so that it may continue as to that balance and also by the city as against the impleaded defendants.

Settle order.