CHARLOTTE PFEFFER, an Infant, by MILDRED PFEFFER, Her Guardian ad Litem, Plaintiff, *v.* CARL A. LEHMANN, Defendant.

ALMERINDO PORTFOLIO, Treasurer of the City of New York, Appellant; CHARLOTTE PFEFFER GERSTEL, Formerly CHARLOTTE PFEFFER, Respondent.

Second Department, October 21, 1938.

Alan M. Stroock [William C. Chanler, Corporation Counsel, Paxton Blair and Bernard Newman with him on the brief], for the appellant.

Fred M. Rosen, for the respondent.

CARSWELL, J. The order appealed from in part directs the city treasurer to pay over money to make good a loss resulting from an act of his predecessor in office. It is made in an action in which the infant recovered judgment against a tort feasor. Presumably it is made under section 137 of the Civil Practice Act.

The city treasurer challenges the order on two grounds: (1) That assuming the moneys were improperly invested by his predecessor, petitioner may not have relief on a motion in the original action: (2) that in any event the moneys were not improperly invested.

If the first contention be determined against petitioner, the second need not be decided.

In the main action an order was made on October 14, 1927, directing the turning over of $1,000 to the city chamberlain, and providing that it may be " withdrawn only on the order of this court." It also provided that the money should be invested in Prudence first mortage certificates, yielding an income of five and one-half per cent. It appears that such an investment was made, that it matured, and that on January 9, 1933, the chamberlain invested $500 of its proceeds in a certificate of the State Title and Mortgage Company. This latter certificate became the subject of a default and is now held by the city treasurer.

The infant, on reaching her majority, on March 25, 1938, moved for an order directing the city treasurer to turn over in cash the $1,000 deposited on October 19, 1927, with accrued interest. The city treasurer, in opposing the application, disclosed that he had $868.10 in cash and that the balance of the fund was represented by a $500 certificate, in default, of a company not specified in the order of October 14, 1927.

When a city chamberlain receives such moneys he acts as trustee of the funds. (Chesterman v. Eyland, 81 N. Y. 398; County of

*Tompkins* v. *Ingersoll,* 81 App. Div. 344; affd., 177 N. Y. 543.) A present trustee can only be held liable for assets which have come into his hands. (*Husted* v. *Thomson,* 158 N. Y. 328, 336.) When the present city treasurer, as a successor official, came into control of the funds as a successor trustee, he may not be required to respond except to the extent he has become possessed of funds or property from his predecessor. In other words, he may not be held for the misfeasance of his predecessor. (*Manolt* v. *Odell,* 4 Wkly. Dig. 536.)

At common law a city or a county could not be held liable for the loss of moneys deposited with a chamberlain or a similar official, under a plenary action. (*Gray* v. *Board of Supervisors of Tompkins County,* 93 N. Y. 603.) The remedy available to one aggrieved was an action against the official who made the investment and his sureties. (*County of Erie* v. *Diehl,* 129 App. Div. 735; affd., 196 N. Y. 501.) To ameliorate this condition growing out of the decision in the *Gray* case (*supra*), chapter 186 of the Laws of 1908 was enacted. It provided: "The city of New York and outside thereof, each county of the State shall be responsible for all funds or moneys deposited with the chamberlain and treasurer thereof respectively by virtue of a judgment, decree or order of any court of record in this State, *and an action to recover any loss to or of such fund may be brought against the city or county respectively by any party aggrieved* or by the Comptroller of the State of New York in a court of competent jurisdiction."

This statute *inter alia* gives one aggrieved a cause of action against the city of New York in a proper case for money improperly invested. The question arises whether this liability thus imposed may be fastened upon the city by a motion directed to its treasurer in whose predecessor's hands the moneys were placed. The dereliction of a principal may not be enforced against an agent. The cause of action created by the statute is against the city, a principal. No corresponding cause of action is created against the agent, the city treasurer. The so-called agent is a trustee of the fund and is acting as such.

Moreover, such a liability of the city may not be fastened upon it, directly or indirectly, by motion in the original action unless section 137 of the Civil Practice Act authorizes such a procedure. That section in so far as pertinent reads: "No money, security or other property which shall have been placed in the custody of the court shall be surrendered without the production of a properly certified copy of an order of the court in whose custody said money, security or other property shall have been placed, duly made and entered, directing such disposition."

Section 751 of the Code of Civil Procedure is the source of section 137 of the Civil Practice Act. That section originally merely concerned moneys. It was amended (Laws of 1892, chap. 651) to concern " money, security or other property." Section 137 of the Civil Practice Act provides that no money or property shall be surrendered without a proper order of the court which placed the money or property in the custody of the official. It does not purport to regulate rights of or remedies against officials, especially where the official is a successor trustee. In reading this section in its relation to chapter 186 of the Laws of 1908, it is to be noted that the latter statute creates a cause of action " against the city or county," and it provides that the remedy may be enforced in " an action." Before that statute was enacted no such remedy existed; hence the statute provides the exclusive means for availing of the rights therein created. This precludes resort for relief relating to consequences of a prior official's acts, by motion in the original tort action.

A fair reading of that section requires, in a situation such as we have here, that in the first instance a claimant such as petitioner move for an order pursuant to rule 32 of the Rules of Civil Practice, which supplements section 137 of the Civil Practice Act, for the turning over of the moneys deposited to the credit of the action in which she prevailed. The successor trustee may then be properly required to turn over, in full, with interest, the moneys placed to the credit of the claimant. If, however, the successor trustee shows affirmatively that he does not have the funds, in whole or part, as a consequence of acts of a predecessor, then so far as those acts affect the property, the claimant may not have an order under section 137, but should be relegated to the enforcement of his rights against the wrongful trustee or predecessor official and his sureties (*Manolt* v. *Odell*, 4 Wkly. Dig. 536; *County of Erie* v. *Diehl*, 129 App. Div. 735; affd., 196 N. Y. 501), or against the city (Laws of 1908, chap. 186), or against all those enumerated. Requiring a claimant to conform to such procedure places no undue burden upon him, and it leaves unimpaired the doctrine that a trustee may be required to respond only in respect of that which came into his possession and may not be required to respond for the acts of his predecessor. This course also enables the city to protect itself, if it has any right so to do, against any delinquent predecessor official or his sureties, at which time the court is possessed of ample power to see that such an incidental controversy in no wise affects petitioner's rights promptly to be made whole. The amendment of that section and of the 1908 statute (Laws of 1927, chap. 185), precipitated by the decision in *Youngs* v. *Goodman*

(202 App. Div. 690), indicates that the two statutory provisions are wholly independent of each other, and that rights arising under the 1908 statute, creating the cause of action against a city have no relation to section 137 of the Civil Practice Act.

These views require a holding that the petitioner should be relegated to a plenary action so far as the $500 portion of the fund is concerned.

As to that part of the fund represented by the $500 impaired mortgage certificate, the order should be reversed on the law, without costs, and motion denied, without prejudice to an action therefor, with interest, against the city of New York or appellant's predecessor and his sureties. In other respects the order should be affirmed, without costs.

LAZANSKY, P. J., HAGARTY, DAVIS and JOHNSTON, JJ., concur.

As to that part of the fund represented by the $500 impaired mortgage certificate, order reversed on the law, without costs, and motion denied, without prejudice to an action therefor, with interest, against the city of New York or appellant's predecessor and his sureties. In other respects the order is affirmed, without costs. Settle order on notice.