EDWARD L. BENNETT, Respondent, *v.* WILLIAM WHITNEY, Street Commissioner, etc., et al., Appellants.

One who assumes the duties, and is invested with the powers of a public officer, is liable to an individual who sustains special damage because of a neglect properly to perform those duties.

While in some cases, in order to charge an officer, upon whom is imposed the duty of keeping a street in repair, with damages resulting from a defect in the street, it is necessary to show that he had adequate means in his hands to make the repairs; such proof is not necessary in a case of *misfeasance, i. e.*, when the officer has acted, but negligently, to the special injury of plaintiff.

In an action to recover damages for alleged negligence in leaving unguarded and unlighted an opening temporarily made in a city street, the defendants, who, the complaint alleged, were officers of the city, *i. e.*, the mayor, common council and street commissioner, and by its charter charged with the duty of keeping its streets in repair, were sued in their individual names, with the title of their respective offices added ; the word "as" did not precede their official designations. The complaint also averred that the mayor and common council directed the excavation to be made, and "the said street commissioner" left it unguarded; it closed with a demand of judgment "against the defendants." *Held,* that the action was against the defendants as individuals, not as officers of the city ; that the addition of their official titles was simply *descriptio personæ.*

While the omission of the word "as" is not conclusive when the body of the complaint plainly discloses an official or representative capacity as the ground of the action, where its scope and averments harmonize with the omission, the action will be considered as against the defendants individually.

*Beers* v. *Shannon* (73 N. Y. 292), distinguished.

Also *held,* that a provision in the city charter (§ 6, title 14, chap. 291, Laws of 1867), declaring its officers liable for all damages "sustained by reason of willful neglect" did not take away or affect the common-law liability of an officer for simple negligence.

*It seems* that where a case has, by the assent of both parties, been tried upon one theory, the court will not permit it to be sent to the jury on another.

(Argued November 26, 1883 ; decided January 15, 1884.)

APPEAL from judgment of General Term of the Supreme Court, in the third judicial department, entered upon an order made September 24, 1880, which affirmed a judgment in favor of plaintiff against defendant Whitney, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Alex. Cumming* for appellants. This action should be construed as against the defendants officially, and the motion for a nonsuit should have been granted. (Chap. 291, Laws of 1867, tit. 4, §§ 1, 4; tit. 14, §§ 5, 6; *Cordier* v. *Thompson,* 7 N. Y. Weekly Dig. 474, *Beers* v. *Shannon,* 19 id. 161; *Sup'rs* v. *Gregg,* 66 Barb. 287 ; 56 N. Y. 509 ; 2 Abb. N. C. 240 ;

*Carpenter* v. *Stilwell*, 47 N. Y. 360 ; *Bassett* v. *Fish*, 75 id. 303.) Plaintiff, having brought his action against defendants officially under the charter, cannot recover against them, or any of them, individually on common-law liability. (*Bassett* v. *Fish*, 75 N. Y. 303.) Defendants cannot be estopped or deprived of the full benefit of the true legal construction of the pleadings. (*Clute* v. *Emmerick*, 19 N. Y. S. C. 504.) The court erred in admitting the act of the common council ; also in refusing to charge that the city would not be liable to defendant. (*Williams* v. *Pitch*, 18 N. Y. 546 ; *Worrall* v. *Parmlee*, 1 Comst. 519 ; *Baird* v. *Gillett*, 47 N. Y. 186.) The defendant is excused by the peculiar circumstances of the case for omission to prepare for a defense, and in furtherance of justice a new trial should be granted. (*Nash* v. *Wetman*, 33 Barb. 155.)

*S. C. Millard* for respondent. If an action is against a person acting in a representative capacity, it is important that the character in which he seeks to appear should be indicated by the title of the summons. (1 Wait's Sup. Ct. Pr. 470 ; 2 id. 373.) The word " as " in this connection is indispensable. (2 Wait's Sup. Ct. Pr. 373 ; *Root* v. *Price*, 22 How. 372 ; *Hallett* v. *Harrower*, 33 Barb. 537 ; 19 id. 179.) Not only the form of the summons, but the form and substance of the complaint indicates that the defendant Whitney was sought to be charged in his individual capacity. (19 Barb. 179.) Had there been any doubt or misunderstanding as to the character of the pleadings it was the duty of the court to construe them with a view to substantial justice between the parties. (Code of Civil Procedure, § 519 ; *Rogers* v. *Rogers*, 11 Barb. 595 ; *Spaulding* v. *Spaulding*, 3 How. 297 ; 42 N. Y. 83 ; 11 Abb. 206.) The court did not err in holding that the action was properly brought, and defendants properly described in both the summons and complaint. (*Rector* v. *Price*, 3 T. & C. 416 ; *Bryan* v. *Landon*, 3 Hun, 500 ; 44 N. Y. 113 ; 4 Hill, 630 ; 5 Bing. 91 ; 9 N. Y. 169 ; 1 Salk. 17 ; 34 N. Y. 389 ; 37 id. 648 ; 15 Johns. 250 ; *Johnson* v. *Beeden*, 47 N. Y. 130, 485.) The negligence of defendant Whitney consisted in leaving the ex-

cavation unguarded. His obligation to avoid being negligent, and to guard the excavation upon the night of the accident, was incident to the business of making the excavation, whether in the capacity of street commissioner or as a private person. (*Shepherd* v. *Lincoln*, 17 Wend. 249, 251; *Hicks* v. *Dam*, 42 N. Y. 53; *Adsit* v. *Brady*, 4 Hill, 630; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 N. Y. 48; *Robinson* v. *Chamberlain*, 34 id. 389; 44 How. 5; 24 Hun, 472.) The application for a new trial upon the ground of surprise and newly-discovered evidence was properly denied. (80 N. Y. 261; *Scoville* v. *Landon*, 50 id. 686; *Tracy et al.* v. *Altmeyer*, 46 id. 598; *Lawrence* v. *Ely*, 38 id. 42; Code of Civil Procedure, § 1337; *Lawrence* v. *Farley*, 73 N. Y. 187; *Commw. Life Ins. Co.* v. *Bowman*, 15 Weekly Dig. 416; *Craig* v. *Fanning*, 6 How. 336; 10 id. 261; 54 id. 496; 30 Barb. 655; 9 Johns. 76; 7 Cow. 474.) There is no proper or sufficient proof that the witnesses, when summoned, will testify to the additional facts now sought to be supplied; their depositions are not procured; this is a security which the courts require, that the new trial shall produce some practical result. (*Grey* v. *Durand*, 50 Barb. 223; 42 id. 29; *Phenix* v. *Baldwin*, 14 Wend. 62.) The motion for a new trial should be denied on account of *laches*. (30 Barb. 655.) The affidavits must show the existence of other evidence, not available by use of reasonable diligence. (9 Hun, 269; 52 How. 325; 54 id. 492; 3 Wait's Pr. 416.) A new trial will not be granted if the proposed evidence is cumulative. (12 Abb. [N. S.] 224; 30 Barb. 655; 42 id. 284; 50 How. 59; 67 Barb. 354; 45 id. 201.

FINCH, J. The principal dispute in this case respects the true nature and legal effect of the cause of action pleaded. The complaint is for negligence in leaving unguarded and unlighted an opening temporarily made in a city street. The defendants named are the mayor, the members of the common council, and the street commissioner of Binghamton, who are sued by their individual names, with the title of their respective offices added. The word " as " does not precede their official desig-

nations. The complaint alleges that the defendant, the mayor, and the defendants who constituted the common council, held those offices respectively, that by the city charter they were made commissioners of highways, and that it became and was their duty to keep the city streets in good order and protect any excavation made therein. It then avers that the defendant Whitney was street commissioner of the city, and had charge of the work upon the excavation from which the plaintiff's injury arose; that the mayor and common council directed it to be made, and the defendant Whitney obeyed the direction; and that the mayor and common council and "the said street commissioner, William Whitney," left the opening unguarded, and so were guilty of negligence which caused the injury. The complaint closes with a demand for judgment "against the defendants." The trial judge held, at the close of the case, that the action was against the defendants as individuals, and not as officers of the city. In this, we think, he was right. Whatever may have been some earlier doubts on the subject, it is settled in this court that one who assumes the duties and is invested with the powers of a public officer is liable to an individual who sustains special damage by a neglect properly to perform such duties. (*Hover* v. *Barkhoof*, 44 N. Y. 113.) Just this cause of action the complaint sets out. It alleges the assumption of official duties and the possession of official powers by the individuals named, their failure properly to perform those duties, and a resultant injury to the plaintiff caused by such negligence. The omission in the summons of the word "as," before the official titles of the defendants, indicates that they were sued as individuals and that the addition of their names of office was but *descriptio personæ.* It may well be, as the appellant contends, that the mere omission of the word "as" in the title of the case is no longer conclusive. But that is so when the frame and body of the complaint plainly disclose an official or representative liability as the ground of action. In *Beers* v. *Shannon* (73 N. Y. 292), the plaintiff sued, adding after his name the words "executor," etc., but omitting the word "as." This court

held, that notwithstanding such omission, the "frame and averments and scope of the complaint" was such as to clothe him with a representative character. But nothing in the frame of this complaint so neutralizes the omission of the word "as." On the contrary its scope and averments harmonize with that omission. All that is said in it relating to official character is perfectly consistent with the claim of personal liability indicated by the title, and does not compel us to hold otherwise. Until the close of the case there seems to have been no disagreement as to this construction, but all parties conceded it, and the trial was conducted upon that understanding. What occurred was, in substance, as follows : After the plaintiff's counsel had opened his case, the defendants' counsel moved for a nonsuit upon the complaint and the opening, upon the ground that the mayor and common council could not be sued as in this case, but that the action should have been brought against the city of Binghamton. This motion did not bring to the attention of the court the question of official or individual liability as derived from the pleadings. The court did say that the action was brought "under a special clause of the city charter ;" and this, as it respected the mayor and common council, in whose behalf alone the motion was made, seemed at the time the only ground of their liability. The trial proceeded until the plaintiff offered in evidence the resolution of the common council, passed September 6, 1875, to which the defendant objected, that "the action of the city of Binghamton is not binding on these men *sued here individually*." The form of the objection disclosed on the part of the defendants a perfect understanding of the meaning of the complaint. At the close of the plaintiff's evidence the motion for a nonsuit was renewed on the ground that the action could not "be maintained against the mayor and aldermen of the city of Binghamton *individually*." At this point the trial judge inquired of the plaintiff's counsel whether he sued the defendants "as individuals, or in their official capacity," and was answered that the plaintiff sued them as individuals. The court then asked the defendants' counsel if he so understood the

complaint, and he replied that he did.   Thus all ground of misunderstanding was carefully removed, and the defense proceeded to the close upon a conceded construction of the complaint.   But at the end of the proofs a new counsel intervened for the defendants, and sought to open the question of construction.   He asked to be relieved from the concession of his associate, as having been made through inadvertence and mistake, and insisted that only an official liability had been pleaded. The court might very well have answered that the case, having been tried on one theory, ought not to be sent to the jury on another.   We have had occasion to say something to that effect as conducive to a fair and just trial, and a bar to mistake and surprise, although in a case where the new theory first made its appearance on appeal.   (*Salisbury* v. *Howe*, 87 N. Y. 128.) The trial judge, however, determined to hear and decide " the whole question," and, after argument, granted a nonsuit as to the mayor and common council, but held that the action was against the defendants individually, and the question of negligence as to the defendant Whitney must go to the jury. What has been said as to the proper construction of the complaint sufficiently indicates the ground of our concurrence with the conclusion of the trial court in that respect.   The case, therefore, became one of negligence by an officer in the performance of official duty.   (*Robinson* v. *Chamberlain*, 34 N. Y. 389.)   It was not a case of non-feasance, or omission to act at all, where in some cases as to the repair of highways, it may be necessary to show adequate means in the hands of the officer ; but a case of misfeasance, where the officer had acted, but conducted himself negligently to the special injury of an individual.   Where that negligence is willful or intentional, the city charter makes it a misdemeanor, and " in addition thereto " declares the liability for damages to the party injured ; but we do not understand this provision as taking away, or in any manner destroying the right of the party injured, to sue for simple negligence, where an official act or omission of duty has resulted in his injury.   We agree with the General Term that the provision referred to did not repeal the common-law

rule applicable to a case not named or made the subject of legislation by the charter itself, and was not intended to affect the rule of liability declared in the cases to which reference has been made.

An examination of other exceptions taken in the progress of the trial has disclosed no error affecting its result.

The judgment and order should be affirmed, with costs. All concur.

Judgment and order affirmed.