ELIZA PIERCY, APPELLANT, v. WILLIAM J. AVERILL, HENRY B. HOWARD AND OTHERS, RESPONDENTS.

*Public officers — liable for damages occasioned by their negligent acts or omissions — liability of, for the negligence of employees — they are not excused from liability by the act that their principal is relieved therefrom — liability of the common council of the city of Ogdensburg for its neglect to keep sidewalks in repair — 1881, chap. 95.*

In this action, brought against the persons holding the offices of mayor and aldermen of the city of Ogdensburg, the complaint alleged the incorporation of the city, and that the mayor and aldermen constituted its common council; that by the charter of the city, and the acts amending the same, certain duties were imposed upon the defendants, constituting the common council, among which were the duties of commissioners of highways of towns, and the further duty of compelling every person to clean snow and dirt from the sidewalk in front of his premises; that the defendants negligently and carelessly, after full knowledge, allowed, suffered and permitted a certain sidewalk to become out of repair and large quantities of snow and ice to accumulate there and the sidewalk to become and remain in an unsafe and dangerous condition; that the plaintiff, without fault on her part, slipped and fell on the sidewalk, and sustained injuries to recover damages for which this action was brought.

*Held,* that a demurrer interposed by the defendants, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, should be overruled. (LANDON, J., dissenting.)

That the duty of keeping the sidewalks and streets in repair was a ministerial duty, and that a negligent or careless performance thereof, or an omission to perform the same, rendered the defendants, who were public officers, liable to any person specially injured thereby.

That the facts that the charter did not impose upon the defendants the doing of the manual work of repairing, and that they were not responsible for the negligence of the persons appointed by them to do such work, might be urged upon the trial to show that the defendants had not been guilty of negligence, but could not be considered upon this appeal, where their negligence was admitted by the demurrer.

That section 31 of title 4 of chapter 95 of 1881, declaring the city not to be liable for any injury caused by a sidewalk being out of repair, or by slipping upon snow or ice thereon, did not relieve the defendants from liability for any damages occasioned by their own negligent acts and omissions, even though they should be considered as the agents of the city, which was itself relieved from all liability.

That it could not be held that under the charter the common council had no power and duty to discharge in respect to keeping the streets in repair, and that the question as to whether or not the defendants had in fact performed

their full duty must be determined upon the trial and not upon the argument of a demurrer.

That the argument that public policy should forbid the court from holding the defendants liable, inasmuch as such a rule of liability would drive from the common council persons of responsibility, was entitled to but little weight.

APPEAL from an interlocutory judgment, entered upon an order sustaining a demurrer interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*Morris, Kellogg & Morris,* for the appellant.

*D. Magone,* for the respondents.

LEARNED, P. J. :

This is an appeal from an interlocutory judgment sustaining a demurrer to the complaint.

The action is against the persons who hold the offices of mayor and of aldermen of the city of Ogdensburg. The complaint sets forth briefly, and by reference to the statute, the law which incorporated the city. It states certain duties which, by that law and its amendments, are imposed on the mayor and aldermen, constituting the common council, and among them it alleges are the duty of compelling every person to clean snow and dirt from the sidewalk in front of his premises, and the duties of commissioner of highways in towns. It alleges that defendants negligently and carelessly, after full knowledge, allowed, suffered and permitted a certain sidewalk to become out of repair, and large quantities of snow and ice to accumulate there, and the sidewalk to become and remain in an unsafe and dangerous condition; and that the plaintiff, without her fault, slipped and fell on said sidewalk and was injured.

The general rule in this State is, that public officers, charged with a ministerial duty, are answerable in damages to any one specially injured by their carelessness and negligent performance of, or an omission to perform the duties of their office. (*Robinson* v. *Chamberlain,* 34 N. Y., 389; *Hover* v. *Barkhoof,* 44 id., 113; *Clark* v. *Miller,* 54 id., 528; *Bennett* v. *Whitney,* 94 id., 302.) Of course this rule does not apply to an action which is, in any sense, judicial.

Now it is undoubtedly true that the deciding whether or not a sidewalk shall be made, and of what materials and of what grade it shall be made is a *quasi* judicial act. But, on the other hand, the

keeping of a sidewalk or street in repair has often been held to be a ministerial act. We may refer, by way of illustrating these principles, to the two decisions of *Urquhart* v. *Ogdensburg* (91 N. Y., 67) and *Same* v. *Same* (97 id., 238). If the duty is imposed on a public officer of keeping a sidewalk or street in repair, he cannot excuse himself on the ground that, in his judgment, it was best not to repair it. ( *Wilson* v. *Mayor*, 1 Denio, 595.) He may excuse himself, of course, by showing that he did the best that he could.

The defendants, in the present case, urge that the duty is not put upon them of doing the *manual work* of repairing sidewalks or of keeping the snow off the streets; that they cannot attend to this in person; that, therefore, their only duty was to appoint persons to do the manual work; and that for the negligence of these employees they are not liable. ( *Walsh* v. *Trustees, etc.*, 96 N. Y., 428.) This argument might be very appropriate, if the facts of the case had been proved on a trial, and if plaintiff had failed to show that the defendants had themselves been negligent, and it had appeared that the only negligence was that of their employees. Very possibly these defendants are not the *"legal superiors"* of any person employed by them, and are not liable as superiors for the misconduct of such employees. But that is not to the point. The demurrer admits that the defendants have been negligent in not keeping the sidewalk in repair and free from snow and ice. The allegation is such as would be made in an action against a commissioner of highways or similar officer. It is not the duty of a commissioner of highways to do the *manual work* of repairs. Yet it may be shown, by proper proof, that he was negligent in failing to keep the highway in order, and that he was therefore liable to one who was injured. So it is not the duty of a corporation, that is, *of the legal person* to do the *manual work* of repairing streets. Yet a complaint alleging the duty and the neglect of a corporation would be proper. If it is the duty of a corporation to repair streets, it is no answer to an allegation of neglect to do this that the duty was not to do the *manual work*, but only to cause the repairing to be done. ( *Urquhart* v. *Ogdensburg, ut supra*, second case.)

The defendants again urge that they are not liable for a neglect of their duty, because by the city charter the city is declared not

to be liable for any injury caused by a sidewalk being out of repair, or by slipping upon snow or ice thereon. (Sec. 31, title 4, chap. 95, Laws 1881.) They argue that if the principal is not liable, they, the agents, are not. It is hardly accurate to say that the city and the common council stand merely in the relation of principal and agent. Furthermore, in *Robinson* v. *Chamberlain* (*ut supra*), a canal contractor was held liable for neglect, while it is a familiar doctrine that the State is not liable. But if we adopt the view that the common council are the agents of the city, still there is no reason why an agent should not suffer for damages occasioned by his wrongful act, even though his principal be not liable. If a statute should relieve a railroad company from any liability for the wrongful act of its servants, there would be no reason why the servants should not continue liable for their own wrongful acts. If the doctrine of *respondeat superior* were abolished, the doctrine that he who does an injury should pay the damages he has caused would be unaffected. Further, in the case of *Bennett* v. *Whitney* (94 N. Y., 302), a street commissioner of Binghamton was held liable for negligence, although the charter exempted that city from liability. It would be illogical to say that public officers were relieved from personal responsibility for their negligence, because a statute had exempted the corporate body which appointed them from answering for their misconduct. That action, indeed, was commenced against the mayor and aldermen as well as the street commissioner. A nonsuit was granted as to the mayor and aldermen, no negligence having been shown against them. But the language of the opinion is broad enough to sustain the present action, if, on trial, these defendants should be proved to have been negligent.

The question then remains, have the common council the duty of keeping in repair the streets? This does not mean are they absolutely bound to keep them in repair, but have they any duty in that respect? If they have any such duty, then it is possible for them to be negligent in its performance. If negligent, then, on the general principle, they are liable for the injury caused by their negligence. (*Bennett* v. *Whitney*, *ut supra*.) The defendants must argue that they have no ministerial duties whatever in this respect, and that they may utterly neglect all care of the streets. The

common council has the power, and is under the duty to exercise the power, of commissioners of highways (tit. 4, sec. 20, sub. 13), and "to direct the manner and superintend the repairing of sidewalks." (Sub. 12.) It seems hardly necessary to refer to the statutes respecting the commissioners of highways, to show that they have a duty (limited it may be by their funds) to repair the highways within their jurisdiction. (See, also, *Ehrgott* v. *Mayor*, 96 N. Y., 264; *Barnes* v. *Dist. Columbia*, 91 U. S., 540.) We cannot hold that this common council have no power and no duty to discharge in respect to keeping the streets in repair. Whether or not the defendants did their whole duty is a matter to be determined on the trial. On this demurrer their negligence is admitted, and in defense they insist that they had no duty to do. With this view we disagree. (*Bennett* v. *Whitney, ut supra.*)

A further argument is that public policy should forbid us to hold the defendants liable, inasmuch as such a rule of liability would drive from the common council persons of responsibility. We cannot give much weight to this argument. The defendants say we ought to be allowed to accept office and knowingly to neglect our duties, without any liability to those whose limbs are broken through our negligence, because no responsible persons will accept office except on the condition that they may neglect its duties with impunity. It is enough to say in reply to this that it is better to have irresponsible officers who attend to their duties than responsible officers who do not. Nor has it yet been found that the principle of liability for official misconduct has deterred worthy men from accepting office. If the sole duty of these defendants was legislative, a different question would arise. If on the trial the only proof of alleged negligence should be some misjudgment in doing legislative work, very probably no liability would be proved. But there certainly is some ministerial, as well as some legislative, duty to be done by these defendants in this respect, or at least there may be such ministerial duty. To keep streets in repair is strictly ministerial, though to establish a grade may be legislative. Now if it be the duty of these defendants to cause the streets to be kept in repair, then for neglecting that duty they are liable.

The judgment should be reversed, the demurrer should be overruled, with costs below and in this court, with leave to defendants

in twenty days and on payment of costs to withdraw their demurrer and to answer over.

BOCKES, J., concurred in the conclusion reached in the opinion of LEARNED, P. J.

LANDON, J. (dissenting):

I cannot concur. In no way are the defendants charged by the complaint with negligence except as they have omitted to perform certain duties respecting a sidewalk, within their legislative jurisdiction, as members of the common council of the city of Ogdensburg.

By the charter of the city, which is by the complaint made the chart of the defendants' duties, jurisdiction is conferred upon the common council as the complaint recites, " to direct the manner and superintend the making and repairing of the sidewalks and cross-walks in said city; to compel every person or corporation in the city to clear the snow and dirt from off the sidewalk in front of all premises owned or occupied by such person or corporation, and to exercise the duties of commissioners of highways of towns within the corporate limits of said city."

Whatever else is said in the complaint respecting the duties of the common council under the powers quoted, is the pleader's conclusion of law thereupon, and therefore is not admitted by the demurrer, which only admits the facts pleaded.

By the charter it appears that " the common council shall only transact business as a board sitting in public." Any manual or physical labor connected with clearing snow from sidewalks or compelling others to do it, or in superintending repairs, is by the nature of the case excluded from their duties. To their judgment and discretion, to be exercised in an assembly of the whole, and after such discussion and consideration as they deem proper, is committed by the charter, the making of such prudential regulations respecting the streets and sidewalks, as they shall deem wise, within the powers quoted.

How and when, and to what extent, shall they make prudential regulations for the repairs of the sidewalks, and to compel persons to remove snow and ice from them? Every one will agree that they should take a practical view of the situation. Ogdensburg

is the most northerly city of the State. In the winter, constantly to keep the sidewalks free from snow and ice is an impossibility. *Lex non cogit ad impossibilia.* The statutory duty of the common council is subject to the laws of nature. This fact is recognized by the charter, which by express terms exempts the city from common-law liability to any person injured " by slipping upon any snow and ice " upon any sidewalk, " or by reason of the same not being in repair." It may be conceded that this exemption of the city does not also exempt any ministerial officer from the consequences of his own personal negligence, but it is important as affecting the judgment and discretion of the common council in making the prudential regulations to be executed by their ministerial officers. For if instructed by the statute that their omission cannot involve the city in liability, and taught by experience that their efforts would be practically fruitless, they neglect to promulgate regulations against the elements, their judgment and discretion would seem to be exercised with practical wisdom.

Now, the plaintiff was injured either because the sidewalk was out of repair or because it was slippery from snow or ice. If the view we have taken of their duties is correct the common council had no ministerial duty respecting either category. A ministerial duty, as was said in the case of *Mississippi* v. *Johnson* (4 Wall., 498), the performance of which may, in proper cases, be required of the head of a department, by judicial process, is one in respect to which nothing is left to discretion.

Their duty under the charter was to make such legislative regulations as possibly might result in providing for the appointment, and defining the duties, of a ministerial officer, but they are not, and from the nature of their body and duties they cannot be, ministerial officers with respect to the sidewalks. The legislature under the Constitution has intrusted, but not abandoned to the common council, so much of its legislative power as relates to the care of the sidewalks of the city of Ogdensburg. The legislature might have exercised that power itself. It may exercise it notwithstanding the charter. It is probable that the proper exercise of it, within the limits of the charter, will involve local legislation providing for the creation of ministerial officers and prescribing their duties. And thus the distinction between the legislative body which creates the

ministerial office and prescribes its functions, and the ministerial office itself becomes manifest. Herein do we clearly discern the distinction between the case of this common council and the many cases in the books in which ministerial officers have been held liable to third persons injured by their negligence. These cases all instruct us that the maker of regulations, involving judgment and discretion, is not liable for his failure either of action or of wise action; but that the executor of such regulations, after they are made, may be liable for his failure to execute them or for his mis-execution of them. Just as a judge is not liable for a bad judgment or for no judgment, but if he pronounces one the sheriff is liable if he fail to do his duty in executing it. This common council is the judge with respect to what shall be done with these sidewalks, and when they direct what shall be done and who shall do it, the latter and not the former may be liable to any one injured by his negligent performance or non-performance.

The charter authorizes the common council " to exercise the duties of commissioners of highways of towns within the limits of the city," but with this significant qualification : " so far as those powers and duties are consistent with the other parts of the act." That is, so far as a deliberative legislative body, acting only in session duly assembled, can provide by proper ordinances for the highways and appoint the ministerial officers to carry out their ordinances. As such commissioners of highways they have no ministerial duties respecting sidewalks.

No precedent for this action is cited. It is believed that public policy strongly condemns it. This common council, in the exercise of its deliberative and legislative functions, should not be coerced or coercible, annoyed or threatened by the suit of a private party, who, from motives of gain, may too lightly charge an omission of duty. The duties of this municipal legislature differ in extent, but not in kind, from the duties of the State or national legislature. Not for the protection of the legislator, but for the protection of the people, the State and national constitutions declare that he shall not be questioned in any other place for his official acts, and these constitutional provisions were but the formulation or what had long been the unwritten law. If any legislator needs this protection, it is the local legislator who is so constantly exposed to the pres-

ence and pressure, and sometimes the exasperation of passion and interest.

The judgment should be affirmed.

Judgment reversed, demurrer overruled, with costs below and in this court, with leave to defendants in twenty days to withdraw demurrer and answer over, on payment of costs.