AARON GRAY, Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

First Department, May 5, 1944.

*Merwin F. Le Vine* of counsel (*Weit & Goldman,* attorneys), for appellant.

*J. Norman Lewis* of counsel (*James P. Durante* with him on the brief; *Leo J. Bondy,* attorney), for respondent.

GLENNON, J. The defendant issued a policy dated January 14, 1928, for the face amount of $10,000 wherein the plaintiff, Aaron Gray, was named as insured, and Golde Gray, his wife, is the designated beneficiary. The policy contained certain provisions for benefits in the event of total and permanent disability of the insured. Pursuant to the provisions of the policy the plaintiff alone was entitled to receive the sum of $100 per month during his disability.

It is conceded by the defendant that the plaintiff was totally disabled, within the meaning of the policy, from September 27, 1935, until July 20, 1943, when he was found competent to manage his affairs. It is not disputed that defendant offered and tendered to the plaintiff the sum of $9,620.07 in full payment of all disability benefits including refund of premium and accrued dividends from 1935 to 1943, with interest on the dividends at 3½%. The plaintiff refused to accept the tender and requested the defendant to allow him further benefits for rehabilitation to September, 1943. Subsequently the defendant notified the plaintiff that it would extend the period to September 15, 1943, for rehabilitation, as requested.

Prior to the commencement of this action the defendant offered to pay the plaintiff the aggregate sum of $9,920.07 in full payment and discharge of its liability. Subsequently, after this

action was instituted the defendant paid into court the sum of $9,920.07 in full payment and discharge of plaintiff's claim. Plaintiff concedes that defendant tendered to him prior to the commencement of the action the aggregate sum of $9,920.07.

The sole dispute between the parties is based upon plaintiff's demand for interest at 6% per annum on each of the 95 installments for disability monthly income of $100 each from the date each installment became payable. The interest in question amounts to $2,425.50.

Originally the plaintiff was confined in the Pinewood Sanatorium at Katonah, N. Y. He was suffering from manic depressive psychosis, depressed type. Later he was transferred to Bloomingdale Hospital at White Plains.

It is not disputed that shortly after defendant was apprised of the confinement of the plaintiff it advised the plaintiff's wife, under date of January 31, 1936, that an incompetency proceeding should be commenced in order that a committee might be appointed so that defendant could make the monthly payments. Under date of February 24, 1936, an attorney wrote on behalf of plaintiff's wife, in part, "it is our belief that if a committee is appointed for Mr. Gray at this time, it may have a very unfavorable reaction upon him." While certain suggestions were made as to how the money might have been paid, still no committee was in fact appointed during the period of plaintiff's illness.

We know of no obligation resting upon the defendant under a policy of insurance of this particular type to take any steps which might possibly lead to the appointment of a committee, particularly where as here, plaintiff's wife and her attorney had notified the defendant that the appointment of a committee might have an unfavorable effect upon the plaintiff.

Under date of March 20, 1936, the attorney who represented plaintiff's wife advised defendant that no steps had been taken for the appointment of a committee and that a decision would be made on that subject within the following month.

Later, on June 22, 1936, the attorney requested the defendant to withhold any money which had accrued, because the appointment of a committee would involve "too much expense" which the disability benefits here involved would not justify.

On or about June 25, 1936, the attorney was informed by the defendant that it would permit any disability income and refund of premium on account of the policy to accumulate to the credit thereof until such time as a guardian or committee was appointed for the insured.

Concededly the defendant was ready, willing and able to carry out its agreement and pay the disability benefits when due. It could not in fairness to itself and its policyholders have made payments to an unauthorized person. The defendant here was at no time in default.

To permit the plaintiff to recover the interest in dispute would result in the imposition of a penalty upon the defendant. There is no provision in the contract of insurance, nor is there any statute which would require the payment of interest.

Under the circumstances, we are constrained to the view that the plaintiff is only entitled to recover the amount the defendant has tendered into court, viz., the sum of $9,920.07.

The order and judgment appealed from should therefore be reversed, with costs, and plaintiff's motion for summary judgment denied.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motion denied.   [See *post*, p. 983; 268 App. Div. 755.]