In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Executor of JAMES HIRSCHBERG, Deceased.

Surrogate's Court, New York County, April 11, 1952.

*Milton H. Friedman* for executor, petitioner.

*Sidney Sussman* for Consul General of the Republic of Poland, on behalf of Joseph Panski and others, respondents.

*Nathaniel L. Goldstein, Attorney-General* (*Norman M. Beck* of counsel), for Senior Director of Letchworth Village, respondent.

*Sophia L. C. Battistella* for Anne Auerbach, respondent.

*Jacob Grumet,* special guardian for Alinka Panski, an infant, and another, respondents.

COLLINS, S. The accounting executor has cited all interested persons to show cause why the legacies to Magdalena Panski, Joseph Panski, Wanda Panski Maneli and Lodka Chajet, as trustee for Alinka Panski, should not abate pursuant to the twenty-third paragraph of the will. The court will consider first the legacies to the three individuals.

In the eighth, ninth and tenth paragraphs of the will, the testator bequeathed sums to his niece, Magdalena, her husband, Joseph, and their daughter, Wanda. All of them have lived in Poland and still remain there. In the twenty-third paragraph the testator provided as follows: " If at the time of my death, any legatee hereinabove named shall reside in Poland, then the legacy hereinabove bequeathed to such legatee shall be subject to the conditions and qualifications contained in this paragraph." The conditions are set forth at length. They may be summarized as follows: The legacies are to be paid in United States dollars but the funds are to be retained by the executor until the legatees shall have emigrated from Poland to a country

where there are no restrictions against their receiving and enjoying the money or until a like condition shall prevail in Poland. In the event that the legacies are not paid within two years after probate of the will, " then such legacy shall fail and abate in toto, and the amount of such legacy shall fall into the residuary estate; unless, prior to the expiration of said two year period ", a named cousin shall notify the executor that he is engaged in assisting the legatees to travel to a place where they can use and enjoy the money, " in which last mentioned event the said legacy of such legatee shall not abate, provided payment shall thereafter be made within three years after the date this will is admitted to probate."

The will was admitted to probate in October, 1947. Within the two-year period, the named cousin gave the requisite notice to the executor that he was attempting to arrange the transportation of the legatees. With respect to the Panski family, he was evidently unsuccessful. More than three years have elapsed since the probate of the will. Insofar as this record shows, all three remain in Poland. It is not disputed that the legatees would not be able to receive dollars and have the free and unrestricted use and enjoyment of them in Poland. Under the plain terms of the will, these legacies have abated and the money passes under the residuary clause. Section 269 of the Surrogate's Court Act has no application because the testator has explicitly directed that the legacy is to lapse if the legatee will not have beneficial use of the dollars within the fixed period. The court has no authority to ignore the clearly expressed conditions made by the testator.

The court therefore holds that the legacies to Magdalena Panski, Joseph Panski and Wanda Panski Maneli have lapsed and that the sums bequeathed in paragraphs eighth, ninth and tenth pass under the residuary clause of the will.

In the twelfth paragraph, the testator bequeathed a sum to Alinka Panski, a grandniece. He directed that the executor, " make payment of such legacy, as hereinafter provided by giving the same to Lodka Chajet, the mother of Alinka Panski, * * * *as trustee* for said Alinka Panski ", with full authority to invest it or to retain it, to expend such portions as she deems in the best interests of the beneficiary, and to pay over that sum and accruals thereon, or the balance thereof, " to the said Alinka Panski when she shall arrive at the age of 21 years." (Emphasis added.)

The executor alleges that within three years after probate of the will, the beneficiary and her mother moved from Poland to Israel, where they now reside. It is alleged, and not disputed, that their change of residence does not satisfy the terms of the will, because Israel is not " a country in which there shall then be no legal or financial restrictions which might prevent the payment of such legacy to such legatee in full in United States dollars (subject to ordinary transmittal charges and taxes) and the use and enjoyment thereof by such legatee."

It is assumed that because both the trustee and the beneficiary lived in Poland at the time of testator's death, the three-year limitation is applicable to this gift and that it lapses if payment is not completed within that time. The general provisions of the twenty-third paragraph might, perhaps, apply to the gift under paragraph twelfth except that the provisions of the latter paragraph indicate a particular intent with respect to this gift that differs from the plan relating to outright legacies. The clearly expressed purpose respecting this particular property and this particular trust must prevail over general language referring to absolute gifts. (2 Page on Wills, p. 872.) The testator expressly created a trust which is to continue during the minority of the grandniece. She is still an infant. Unless a testator indicates a contrary intention, a trust will not fail because of the death of a person named as trustee, or because of her refusal to serve (Personal Property Law, § 20; 1 Scott on Trusts, § 101), and certainly will not fail because of her inability to qualify as trustee. In such case, the court will appoint another person to execute the trust. There is no manifestation of an intent that this trust is to terminate upon the death, refusal to serve or resignation of the named fiduciary, and hence, the failure of the mother to qualify as trustee does not end this trust. The will expressly directs that the beneficiary is not to receive the principal until she reaches the age of twenty-one. Therefore, the general direction that legacies are to fail unless payment can effectively be made within three years is inapplicable to the ultimate gift to this infant.

The court accordingly holds that the gift for the benefit of Alinka Panski has not now lapsed. The fund created by the testator is to be held in trust for her benefit as directed in the will. The question of ultimate distribution need not now be determined.

The compensation of the attorney for the executor has been fixed. No costs shall be taxed.

Submit decree on notice settling the account accordingly.