Maximilian Moss, S.
In this accounting proceeding the court is required to pass upon objections and to construe the will in order to determine who is entitled to the residuary estate. Testatrix died on January 22, 1953. Her will dated March 15, 1951 was admitted to probate and letters testamentary were issued to other named executors on September 23, 1953. The will is brief and only paragraph 1 ‘ second ” is at issue. In paragraph 11 first ’ ’ testatrix made a small bequest to two children of her attorney. In paragraph ‘‘ third ’ ’ she named two executors to serve without bond. Paragraph “ second ” reads as follows: ‘1 second : All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my daughter, Alexandra Kantorovich, now residing in the Soviet Union, but if she be then dead, to her son, boris Kantorovich, also residing in the Soviet Union, upon the condition that the laws of the United States and of the Soviet Union at the date of distribution permit the transfer of the funds representing said legacy and devise from the United States to the Soviet Union and upon the further condition that in the sole judgment of my Executors Alexandra icantorovich and boris Kantorovich are living, and that my daughter or her son shall in the sole judgment of my Executors be entitled to and enjoy the beneficial use of this gift, notwithstanding any decisions, judgments or findings of any Court heretofore made which may be at variance with the judgment of my said Executors. If the laws of the United States or of the Soviet Union do not permit the transfer of funds, or, if in the sole judgment of my Executors, my daughter or her son are not alive, or, will not receive the benefit of said gift, then I give, devise and bequeath all the rest, residue and remainder of my estate to my nephew, julio aronstamm, but if he be then dead, to his wife and children, surviving me, per stirpes.”
The daughter, Alexandra Kantorovich, is living and resides in the Soviet Union. Payment of the net estate is demanded on her behalf on the basis of the ‘ ‘ determination ’ ’ by the executors that “ she is entitled to and will enjoy the beneficial use of this gift”. The objectant, Jerome Arnold, is the son and sole distributee of testatrix’ nephew, Julio Aronstamm, named as contingent residuary beneficiary. He demands payment of the net estate on the ground that the determination of the executors, made in their discretion as authorized by the will, is invalid and constitutes an improper exercise of discretion. With respect thereto, the executors stipulated: “ 6. That pursuant to the provisions of Paragraph ‘ second ’ of the Will the executors, in their sole judgment, have determined that *452 Alexandra kantorovioh, the decedent’s daughter, is alive and have in their sole judgment determined that she is entitled to and will enjoy the beneficial use of this gift.”
On September 1, 1959 the executors filed a voluntary petition and account and obtained service of citation upon objectant and by publication upon Eussian nationals. Notwithstanding the above stipulation, the executors in their petition requested an order directing them to pay the proceeds of the estate for and on behalf of Alexandra Kantorovich to the City Treasurer pursuant to section 269 [now § 269-a] of the Surrogate’s Court Act.
The attorneys for the daughter embrace the contentions of the executors that the sole issue is the exercise of their judgment which they maintain is wholly reasonable, but reject the propriety of the executors’ petition that the legacy be deposited pursuant to section 269. They contend that section 269 is not applicable since testatrix gave the executors the power to determine the conditions in their sole judgment, and that to apply the section “would actually frustrate the express directions of the Testatrix. ’ ’ The attorneys for the daughter further contend that this is not a case where the Surrogate is free to act upon evidence submitted to him dehors the provisions of the will, and that to do other than direct distribution in accordance with the decision of the executors would do violence to the testatrix’ intent.
The court is of the opinion that neither the testatrix by the terms of the wifi nor the executors in the exercise of their powers thereunder can control the court’s authority to determine the question of beneficial use and to order deposit in the City Treasury. The court is no less authorized to deal with the question of proper exercise of judgment by the executors as a matter of law and equity. (See Matter of Gatehouse, 149 Misc. 648 and cases cited.)
In the opinion of the court, testatrix intended to prevent a lapse of the gift of her residuary estate or even a delay in distribution by reason of (1) restriction on transfer of funds to the Soviet Union; (2) prior death of her daughter and grandson whether clearly established or reasonably determined by the executors in their sole judgment; or (3) their inability “to be entitled to and enjoy the beneficial use of this gift”. If the last condition exists “ at time of distribution ”, meaning when the executors are accounting for purposes of distribution, the will precludes a deposit for some future indefinite date when such condition hopefully may be eliminated, for in any of such events testatrix in words of present gift gave the residuary *453 estate to her nephew or his wife and children her surviving, per stirpes. The emphasized words strengthen the interpretation that she intended to create a vested interest in the qualified beneficiary surviving her as of date of distribution.
This case is somewhat similar to those in which a legacy is given to a person with the provision that if distribution cannot be made within a stated period after testator’s death the legacy should be paid to an alternate beneficiary. (Matter of Hirschberg, 203 Misc. 18; Matter of Bondy, 203 Misc. 920; Matter of Zapolsky, 2 Misc 2d 103; Matter of Di Dia, 19 Misc 2d 209.) The court believes that testatrix had section 269 in mind, as is evidenced by her adapting its language to the provisions of the will, but refrained from making the section applicable by providing an alternate beneficiary. In addition, the discretion and judgment of the executors were not unequivocal but obviously inconsistent in asking the court to direct that the executors be ordered to deposit the daughter’s share in the City Treasury under section 269 of the Surrogate’s Court Act which would be applicable only if the daughter would not have the benefit or use or control of the money.
The attorneys for the daughter in their memorandum request a hearing if the Surrogate should hold that section 269 was applicable. The court feels that a hearing now is not required, nor is it advisable. In the first place, they had an opportunity for a hearing when the prior decision was recalled and the case appeared on the Call Calendar for assignment of a trial date. There in open court, the parties agreed to submit the controversy, whereupon decision was reserved and is now being made. The request of the attorneys for the daughter is tantamount to saying that if the court in its deliberation should decide in favor of the daughter, the agreement to submit is binding, but if the decision is to the contrary then the submission is to be of no effect.
The court finds that the executors’ determination was equivocal and at any event that their stipulation as to the daughter’s beneficial use of the gift was unreasonable and arbitrary. The objections to the account which specified testatrix’ daughter and her son as legatees are sustained. In view of the court’s interpretation of testatrix’ intention and of all of the foregoing considerations, the court holds that the residuary estate is payable to objectant as alternate residuary legatee. The wiE is so construed. Settle decree on notice.