Matthew J. Jasen, J.
This is a motion for an order directing the deposit into court of certain personal property which belongs to one Baehmetieff.
On August 28, 1936, defendant issued to one Theodor Dmitrakoff an insurance policy on his life in the sum of $569. In said policy the insured named one Anna Baehmetieff as his beneficiary and described her as his daughter who resided in Odessa, Russia. On June 6,1948, said Theodor Dmitrakoff died in the City of Buffalo, New York.
The first power of attorney for said Anna Baehmetieff to one Charles Recht is dated December 14, 1949, and the substituted power to plaintiff herein is dated May 11, 1950 and filed in Surrogate’s Court, June 12,1950. From this latter date, defendant has repeatedly refused to pay the claim to plaintiff herein *395 resulting in an action instituted by plaintiff in December, 1962, against defendant.
Defendant concedes it has on hand $631.31 by reason of said policy but because of the place of beneficiary’s residence (U. S. S. R.) maintains that the proceeds should not be paid to her. Defendant now desires to pay the money into court for benefit of such person who may hereafter appear to be entitled to it.
The sole question before the court is whether the insurance company is required to pay interest on the proceeds.
In Gray v. Prudential Ins. Co. (267 App. Div. 688), an incompetent was entitled to monthly payments for a period of several years but no committee had been appointed. The court held that the insurance company was under no obligation to have a committee appointed and that it was not required to pay interest when the plaintiff was eventually declared competent. This decision is cited with approval in Wallace v. Metropolitan Life Ins. Co. (78 N. Y. S. 2d 727).
Section 480-a of the Civil Practice Act requires that an insurance company pay interest from the date of the receipt by the company of the completed proof of death. (See Rubin v. Queensboro Farm Prods., 135 N. Y. S. 2d 546.)
The seeming conflict of judicial opinion can be resolved. In the Gray case (supra) the insurance company did not receive any application or demand for the funds and so the claim was not perfected. In the case at bar, the claim was perfected since the insurance policy and the proof of claim were submitted to the company on June 12, 1950.
The company contends that it refused to make payment because the beneficiary, living in Russia, would not have the benefit of the money, and that United States Treasury Department circulars and regulations have held that there is not a reasonable assurance that a payee in Russia would actually receive the money.
There is no doubt that the insurance company invoked the spirit of these promulgations but erred in assuming that they were acting within the law.
Section 269 of the Surrogate’s Court Act adopted in 1939 (now § 269-a) specifically covers the problem at hand and says: “ Such moneys or other property so paid into court shall be paid out only by the special order of the surrogate or pursuant to the judgment of a court of competent jurisdiction.”
This statute is self-explanatory. It was the intention of the Legislature to make certain that moneys be not paid where the beneficiary might not have the benefit. (Matter of Kuzmic, 23 *396 Misc 2d 604; Matter of Sorock, 25 Misc 2d 450; Matter of Bartok, 28 Misc 2d 324; Matter of Braier, 305 N. Y. 148.)
True section 269-a refers to “ a legatee, distributee or beneficiary of a trust”. However, the revision notes appended to section 269 read: “ This amendment is proposed by the Executive Committee of the Surrogates’ Association of the State of New York. The purpose of the amendment is to authorize the deposit of monies or property in the Surrogate’s Court in cases where transmission or payment to a beneficiary, legatee, or other person resident in a foreign country might be circumvented by confiscation in whole or in part. The amendment authorizes the impounding of the fund by the Surrogate to await the time when payment can be made to the beneficiary for his own benefit, use and control. ’ ’ (Italics supplied.)
It appears beyond cavil that the Legislature intended to grant the court sole discretion for the transmission of moneys, be the source an estate or an insurance policy, to a foreign country where the beneficiary might not enjoy the full advantage. It has thus established the public policy of this State.
Under the facts and circumstances of this ease, it is the opinion of this court that it was the obligation of the insurance company to institute action to deposit the moneys in court at such time as the proof of claim was properly perfected and failing to do so is responsible for interest from the date said claim was perfected.
The court computes the interest is due from June 12, 1950 at the rate of 2%% per annum, which interest rate is paid by the Erie County Treasurer on funds deposited with it.
An allowance of $200 is granted to the counsel for the attorney in fact for services rendered.