Richard J. Cardamone, J.
The defendant, Prudential Insurance Company of, America, moves this court to permit it to pay into court the sum of $3,120, the amount which it claims to hold *513 as a stakeholder subject to the conflicting claims of the plaintiffs herein. The defendant also moves for an order appointing a special guardian to represent the interests of unknown persons who may be beneficially entitled under the designation of “Henry E. Flack, trustee under agreement dated September 3, 1935 ” as the beneficiary under the insurance certificate, the proceeds of which are the subject herein. The plaintiff, Flack, opposes both motions of the defendant and cross-moves for the reference of all matters to an Official ¡Referee, for an accounting by the defendant of the proceeds of the policy in question and for summary judgment. The plaintiff, Griswold, appeared at the oral argument of the motion, but submitted no opposing affidavits. The attorneys for both plaintiffs, Flack and Griswold, entered into a Stipulation of Facts dated January 11, 1964.
The Prudential Insurance Company of America issued a group life insurance policy to the St. Lawrence County Utilities, Inc. George A. Lawyer, an employee, was covered by the participation certificate issued to the Utility Company by the defendant, Prudential, on September 3, 1935. He designated as the beneficiary in the policy “ Henry E. Flack, trustee, under an agreement dated September 3,1935 ’ ’. Mr. Lawyer died on September 22, 1944, at which time the proceeds due on the policy were in the amount of $3,120. Emma L. Cleveland and Elizabeth M. Griswold are the residuary legatees under Mr. Lawyer’s last will. Henry E. Flack died February 25, 1945, leaving him surviving a wife, Amy D. Flack. George A. Lawyer and Henry E. Flack were personal friends for a great number of years. They entered into a trust agreement on November 22, 1944, which trust agreement has been fully executed and performed by the parties. The trust agreement referred to under date of September 3, 1935, has never been found. Amy D. Flack claims the proceeds of the policy as executrix of the last will and testament of Henry E. Flack. Elizabeth M. Griswold and Emma L. Cleveland claim the proceeds both as next of kin and heirs at law as well as residuary legatees of the last will of George A. Lawyer. Actions were commenced by these claimants in Supreme Court during the year 1948.
The defendant, Prudential, made an application for inter-pleader of the Flack estate at a Special Term held in the Supreme Court of Lewis County on September 20, 1948, in the Lawyer action against it, and moved that the defendant be discharged by paying into court the amount of the policy. The court (Malpass, J.) granted an order on September 20, 1948, consolidating the two actions. The Prudential Insurance *514 Company remained as a nominal defendant “ subject to the further order of ¡this Court in respect to the payment of the sum of $3,120, plus any interest to the date of this order for which it may be legally liable and for which it is and remains ready to pay as soon as the rightful recipient thereof can be determined”. No appeal was ever taken from the order of Justice Malpass.
The Prudential Insurance Company now makes a motion to be discharged and requests that the period for which it should pay interest be determined. The attorneys representing the Flack estate, by cross motion, have moved for summary judgment praying that the Flack estate be entitled to the proceeds of the policy. Prudential contends that it is liable for interest only from the date of death to September 20, 1948, the date of Justice Malpass ’ order. The executrix of the Flack estate contends that Prudential is liable for interest from the date of death to ¡September 20, 1948, and from December 6, 1948, to date. The Lawyer estate does not join in this claim for interest to date.
The question to be resolved here is whether the words, “ Henry E. Flack, trustee under agreement dated September 3, 1935 ” are merely descriptio persona. The plaintiff, Flack, contends that the absence of the word “as” is significant and that the inclusion of “ as ” directly preceding the word, trustee, would have made it clear that Henry E. Flack was taking the proceeds of the life insurance policy in question in a representative capacity. The plaintiff, Flack, further contends that the absence of “ as ” compels a construction that the words quoted above were merely descriptive and served only to identify Mr. Flack. This court reaches no such conclusion. The word “ as ” is not governing.
It is well settled that where a proceeding is brought against a person and a question is raised as to whether the action is against that person as an individual or in a representative capacity, the whole record is inspected to ascertain the true nature of the action, and the action will be treated as an individual or representative one as disclosed by this total examination. (United Press v. Abell Co., 73 App. Div. 240; Security Trust v. Pritchard, 201 App. Div. 142.) Where the word “ trustee ” is employed, the frame and scope of the averments must be carefully analyzed, to derive the intent of the settlor. From them such character may be fixed upon the trustee as falls within the scope of these intentions. (Beers v. Shannon, 73 N. Y. 292; Bennett v. Whitney, 94 N. Y. 302.) Even where the word “ as ” directly precedes the word, trustee, title may *515 be vested in the trustee in the absence of any other evidence. {Pratt v. Prentice, 166 App. Div. 906.)
Similarly, in the construction of wills, where there is equivocal language used, the will in its entirety must be read to disclose the primary intent of a testator. (Matter of Dammann, 12 N Y 2d 500; Matter of Gautier, 3 N Y 2d 502; Matter of Fabbri, 2 N Y 2d 236; Matter of Englis, 2 N Y 2d 395; Matter of Falvey, 15 AD 2d415).
Here, there is more than just the word 1‘ trustee ’ ’, there are, in addition, the words, ‘ ‘ under agreement dated September 3, 1935 ”. It seems clear to this court that this was no mere means of identification. In 1944 Mr. Lawyer appointed Mr. and Mrs. Flaclc as trustees of an inter vivas trust for the distribution of certain personal property to named individuals. Commissions were provided for the payment to the trustees for services. It would have been a simple matter for Mr. Lawyer to have designated Henry E. Flack as an individual beneficiary of the proceeds of this life insurance policy.
From a reading of this record in its entirety, this court cannot fairly and justly conclude that Mr. Lawyer intended Mr. Flack to keep the proceeds of the insurance in question for himself. (Matter of Falvey, supra.)
Under the circumstances, this court concludes that it was Mr. Lawyer’s intention to create a trust. The trust agreement, dated September 3, 1935, has never been found, however. Its absence leaves unanswered the name of the designated beneficiary of these funds. Without it, there is no valid trust created but merely a “ dry ” trust. (Brown v. Spohr, 180 N. Y. 201; Boskowitz v. Continental Ins. Co., 175 App. Div. 18.) Where there is a trust void for uncertainty of beneficiaries, the proceeds descend to and become vested in the heirs at law and next of kin entitled thereto. (Levy v. Levy, 33 N. Y. 97.)
The application of Prudential to be discharged by the payment of the face amount of the policy into court (CPLR 1006) does not need to be determined. The decision of Justice Malpass of September 20, 1948, is the law of the case. No appeal was taken from that order, and, of course, the time within which to do so has long since expired. Interest is payable from the date of receipt of proofs of death by Prudential to September 20, 1948. (Insurance Law, § 166.)
A direction in a court decree which specifically provides that money is to be held “until the further order of this Court”, clearly shows that the court intended the money to be held readily available for disposition. (Matter of Schmidt v. Chamberlain of City of N. Y., 266 N. Y. 225.) Prudential does not *516 have to account for its use of the proceeds of this policy to claimants. The moving papers before this court reveal that the delay of 18 years was not occasioned by the defendant Prudential but by the claimants themselves. It appears that Prudential urged the parties to proceed to a trial in order to dispose of their conflicting claims.
The defendant’s motion for the appointment of a special guardian is deniejd. The report of George E. Reed, special guardian appointed by the court, is sufficient. It clearly indicates that there are no unknown or incompetent persons’ property interests to be protected. The plaintiff’s cross motion to refer this matter to an Official Referee is similarly denied. The plaintiff’s cross motion for an accounting is denied for the reasons stated in this opinion. The motion of the plaintiff, Flack, for summary judgment, is denied. Summary judgment is granted to plaintiffs Griswold and Cleveland. Ño costs, expenses or disbursements shall be allowed to any of the parties.