William Kapelman, J.
This is an action on submitted facts for judgment pursuant to CPLR 3222. Plaintiff claims it is entitled to interest on proceeds of a life insurance policy paid to the plaintiff, the Estate of Louis Wovschin, deceased. Only questions of law remain as to whether the defendant is liable for interest and if so, the rate of interest to be paid.
At the time of the policyholder’s death on December 31, 1953, the named beneficiary of the policy was one Flora Wovschin. Neither party to this action knew of the whereabouts of Flora Wovschin, nor whether she was dead or had predeceased the insured. On April 30, 1954, the plaintiff, insured’s estate, filed proof of death of the insured. The defendant company refused to pay the proceeds of the policy until the status of the named beneficiary had been determined. Thereafter, concededly, each of the parties spent considerable time and effort in investigation and it was not until May of 1965 that the plaintiff was able to present proof to the defendant that the beneficiary had predeceased the insured. On June 8,1965 the defendant paid the proceeds of the policy to the plaintiff, refusing to pay the interest demanded by the estate from the date of insured’s death.
*121 The policy (Group Policy Number 8950-GLD, Serial 4077, section II) in its “Provisions Applicable to Life Insurance”, requires that proof of death must be submitted in writing. Further, section IV of such provisions states that if the designated beneficiary shall die before the insured, such beneficiary’s rights ‘ ‘ automatically ’ ’ terminate, and that the proceeds shall be payable to the estate of the deceased insured. The appropriate statute provides that interest upon the sum recovered by the plaintiff in an action brought against an insurance company upon a policy of life insurance written in the State of New York must be paid ‘ ‘ from the date of the receipt by the company of the completed proof of death of the insured ”. (Section 480-a of the Civil Practice Act then applicable, now being section 166-b of the Insurance Law.)
The statute speaks of “ death of the insured ”. There is no statutory reference to death of the beneficiary and-the policy, too, is silent in this regard. What then is the liability of the insurer at the point of this filing of proof of death of the insured without proof that the named beneficiary had predeceased the insured, by common-law contractual principles?
The condition precedent in such a suit by the insured’s estate is not met in that there is no proof supplied as to the named beneficiary having predeceased the insured. The plaintiff’s claim ripens only after the furnishing of proof of the death of the insured, and also, of the fact that the beneficiary did in fact predecease the insured. The defendant is not obligated to make payment until this composite proof is submitted, and, therefore, interest may not be ordered as of the filing of proof of loss. In all respects the claim must be perfected, at which time interest, begins to accrue. (Mints v. Prudential Ins. Co. of America, 38 Misc 2d 394.)
Plaintiff argues that, as of the date of the submission of the proof of death of the insured, that by reason of section 166-b of the Insurance Law the proceeds of the policy were no longer the property of the defendant, and further, that as of that date, the policy proceeds were plaintiff’s property and their retention by the defendant requires the payment of interest until they were paid. With this we do not agree.
The plaintiff’s claim, under the most favorable view, was inchoate. Defendant had no option open to it to dispose of the proceeds, except to do so at its peril. Clearly, not having received the proof of prior death of the beneficiary, it could not pay the proceeds to the plaintiff. It could not pay the money into court, as a stakeholder, no action having been instituted by the plaintiff against it, nor could it commence an action against the plain *122 tiff and seek to interplead the beneficiary since concededly, it had no knowledge of the whereabouts of the beneficiary.
In Grey v. Prudential Ins. Co. of America (267 App. Div. 688) the policy provided, in part, for certain monthly benefits to be paid to the insured in the event of the total and permanent disability of the insured. Notwithstanding the concession that the plaintiff was totally disabled for an eight-year period, the insurer, not having made the required monthly payments to plaintiff during his disability, was excused from the payment of interest on such payments because plaintiff, during his disability, was mentally incompetent. The sole dispute between the parties was the question of interest on the unpaid 95 monthly disability payments. The court in declining to order payment of interest on these payments stated at page 691: ‘1 Concededly, the defendant was ready, willing and able to carry out its agreement and pay the disability benefits when due. It could not in fairness to itself and its policyholders have made payment to an unauthorized person. * * * Under the circumstances, we
are constrained to the view that the plaintiff is only entitled to recover the amount that the defendant has tendered into court ’ ’. Similarly in the case at bar, after plaintiff filed additional satisfactory proof of the fact that the beneficiary predeceased and that it was entitled to receive payment, the payment was so made. In these apposite cases the payment was made as soon as it was established that the claimant was legally entitled to receive payment and after determination that the payment was not at the insurer’s peril. (See, also, Wallace v. Metropolitan Life Ins. Co., 78 N. Y. S. 2d 727, affd. 274 App. Div. 1072; Weinreb v. M. & S. Bagels, 44 Misc 2d 537, affd. 23 A D 2d 884.) In Wallace, a few years prior to the maturity of an endowment policy on an insured husband, the wife claimed the proceeds on the basis of an alleged agreement between her husband and herself. The insurer refused to honor the claim requiring further proof as to the agreement. When the policy matured, the husband demanded payment but did not produce the policy. The wife then sued the insurer and her husband but was unable to effect service upon him. For the purpose of impleading the husband, the insurer likewise sought to serve the husband. After a period of time, the husband was served and the insurer then deposited the face amount of the policy into court. The husband then moved for an order requiring the insurer to pay interest from the date that the policy had matured, which the court denied, citing Grey v. Prudential Ins. Co. of America (267 App. Div. 688, supra) on the question of the insurer’s risk. The decisive *123 point in these holdings is that no motion for interpleader, substitution of parties, or deposit of money into court, could be made.
Had the defendant been able to effect an interpleader situation and failed to do so, it now could be held for interest. (Flack v. Prudential Ins. Co. of America, 42 Misc 2d 512; Rubin v. Queensboro Farm Prods., 135 N. Y. S. 2d 546.) There was no obligation upon the insurer in this situation to move for the appointment of a special guardian for the absent beneficiary so as to be able to commence the action. (Grey v. Prudential Ins. Co. of America, supra.)
The thrust of plaintiff’s position is that it distinguishes the Grey and Wallace as cases wherein the claimants were at fault in not bringing the underlying controversy to issue. But this action too, arises by reason of the failure of plaintiff to bring an action against the defendant, wherein the defendant, if it declined to defend on the merits, could have deposited the fund in court. Similarly, in Flack v. Prudential Ins. Co. (42 Misc 2d 512), two rival claimants to a fund waited 18 years to proceed to trial, and there too, the prevailing party failed to secure interest. Nobody can profit by his own failure to act. (Walsh v. New York Cent. & Hudson Riv. R.R. Co., 204 N. Y. 58.)
Ordered that the defendant have judgment.